Delbert Wayne **ADAIR**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. F–83–766.

Court of Criminal Appeals of Oklahoma.

Dec. 17, 1985.

David L. Miller, Assistant Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Delbert Wayne Adair was convicted in Oklahoma County District Court of Murder in the First Degree and of Assault and Battery with a Dangerous Weapon. He received sentences of life imprisonment and ten years' imprisonment, respectively.

He makes only one assignment of error on appeal. Appellant claims the trial court erred in refusing to give the jury the following instruction.

The presence of 'malice' as that term is used within these instructions, is essential for the homicide to constitute first degree murder, and requires that the defendant have killed with a previously formed or deliberate purpose in premediation. [sic] Malice and heat of passion cannot co-exist. The distinction between murder and voluntary manslaughter is found in the dividing line between deliberate action on the one hand and action which is not deliberate or action done in heat of passion. In determining whether the act which caused death was impelled by malice, all the surrounding circumstances and conditions of the parties are to be taken into consideration, including previous relations and conditions connected with the tragedy as well as those existing at the time of the killing.

The court instructed the jury on the charges of Murder in the First Degree, Murder in the Second Degree, and First Degree Manslaughter, using essentially the Uniform Jury Instructions. Appellant complains that without his requested instruction, the jury was not allowed to look at surrounding conditions or circumstances existing at the time of the crime in judging his intent, and were thereby prevented from considering the manslaughter charge.

Our review of the record indicates that the jury was specifically instructed that they could consider the external circumstances. The trial court instructed the jury using OUJI—CR 429 that:

The external circumstances surrounding the commission of the homicidal act may be considered in finding whether or not deliberate intent existed in the mind of the Defendant to take a human life. External circumstances include words, conduct, demeanor, motive and all other circumstances connected with a homicidal act.

The instructions given by the trial court fairly and accurately stated the applicable law. This being so, we cannot say the court abused its discretion in giving the instructions it did and in refusing that offered by appellant. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980). The instructions concerning premeditation and provocation were both explicit and accurate and properly guided the jury in their evaluation.

Finding no error warranting reversal or modification, judgments and sentences are AFFIRMED.

PARKS, P.J., concurs in Results.

BRETT, J., concurs.