**Bruce Wayne MARTIN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–87–200.**

Court of Criminal Appeals of Oklahoma.

Dec. 4, 1987.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Bruce Wayne Martin, the appellant, was convicted in the District Court of Garvin County Case Nos. CRF–86–98 and CRF–86–99 of the crime of Oral Sodomy and in Case No. CRF–86–130 of the crime of Lewd Molestation of a Child Under Sixteen. He received a ten (10) year sentence on each Sodomy count; and a twenty (20) year sentence on the Lewd Molestation count, the sentences to run consecutively, and he appeals.

According to the testimony presented at trial, seven-year-old E.M. had been enticed away from the playground at school and forced by the appellant to engage in acts of oral sodomy. Young E.M. testified that the appellant would come to the fence of the grade school and tell the boy to accom-

pany him to his nearby house where the appellant would make the boy commit oral sodomy. Occasionally, the appellant would sodomize the boy. On at least one occasion, according to the boy's testimony, the appellant's brothers and mother were party to the acts. The appellant would then give E.M. some money and threaten to hurt him if he did not keep these encounters secret.

On May 20, 1986, E.M.'s second grade teacher noticed that E.M. had an unusually large amount of money with him. She notified E.M.'s aunt (E.M.'s legal guardian), who, in turn, came to the school to question him about the money. At first, E.M. made up a story that he had saved the money. After additional questioning, however, he eventually told his guardian how the appellant had been in the practice of coercing him away from school during recess, sodomizing him, and then giving E.M. money to keep silent.

E.M.'s uncle reported these acts to the local police. While driving to the police station that day, they passed the appellant's house near the school. E.M. saw the appellant outside mowing his lawn and identified him as the man who had forced him to do these things. The appellant was later arrested and separately charged with two (2) counts of oral sodomy and one (1) count of Lewd Molestation of a Minor.

As his first assignment of error, the appellant states that there was insufficient evidence presented to support his convictions. The appellant bases this argument on his perception that the testimony of E.M. was impeached and uncorroborated, requiring the conclusion that there was insufficient evidence to convict.

◼ The test for sufficiency of the evidence is well known, and will not be repeated, verbatim, here. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Spuehler v. State*, 709 P.2d 202, 203–4 (Okl.Cr.1985). While accomplice testimony generally requires corroboration, the testimony of a non-consenting participant in sex crimes does not require corroboration. See generally *Yates v. State*, 620 P.2d 413 (Okl.Cr.1980); *Eide v. State*, 551 P.2d 275 (Okl.Cr.1976); *Sier v.*

*State*, 517 P.2d 803 (Okl.Cr.1973). Further, we reaffirm, and so hold here, that a child of tender years cannot, as a matter of law, consent to sexual acts performed with an adult. See e.g. *Fannin v. State*, 65 Okl. Crim. 444, 88 P.2d 671 (1939). Accordingly, a child of tender years cannot be considered as an accomplice whose testimony requires corroboration under such a set of circumstances. However, we do not depart from the well established rule that corroboration is required when the victim's testimony is so incredible or has been so thoroughly impeached that the reviewing court must say that the testimony is clearly unworthy of belief. See e.g. *Gamble v. State*, 576 P.2d 1184 (Okl.Cr.1978); O.U.J. I.–CR 841. The question of improbability must arise from something other than the believability of the victim's testimony. *Gamble*, supra, at 1185.

◼ Here, corroboration was not required, yet was present to some degree in the striking consistency of E.M.'s testimony with the accounts he gave to the police, his parents, and to the social worker assigned to his case. Further, his description of the acts, as given to these persons, is in such graphic detail and exhibits such a familiarity with sexual function that it would be incredible to believe that a seven-year-old boy would have knowledge of these details from any source other than personal experience. The testimony and evidence presented easily meets the *Spuehler* standard of review. Accordingly, we must conclude that this assignment lacks merit.

As his second assignment of error, the appellant argues that inadmissible hearsay testimony was presented and that the trial court further erred in allowing E.M. to testify through videotape, rather than in person before the jury. We disagree on both points.

◼ The hearsay testimony in question relates to testimony given by E.M.'s guardian and the social worker. These two witnesses repeated the story that E.M. had told them. Prior to allowing the jury to hear this testimony, an in camera hearing

was held. The trial judge made his determination whether the purported testimony was sufficiently reliable. This is precisely the procedure outlined by the applicable statute. See 12 O.S.Supp.1986, § 2803.1. Further, E.M. testified, and was subject to thorough cross-examination, first in a closed room on camera and later, in person in front of the jury. E.M. was cross-examined on both occasions and was, in fact, called by the State purely as an accomodation to the defendant's attorney, who had expressed a desire for more in-depth cross-examination. Video tape testimony is specifically permitted by statute. 22 O.S. Supp.1984, § 753. The appellant's suggestion that he was denied effective confrontation of the complaining witness is conclusively rebutted by the record. This assignment of error is meritless. See also *Beshears v. State*, 738 P.2d 1375 (Okl.Cr.1987); *Matter of W.D.*, 709 P.2d 1037 (Okl.Cr. 1985).

■ Next, the appellant argues that the trial court erred in allowing Dr. Burnard Pearce, a psychologist, to testify as an expert and express an opinion on an ultimate issue of fact. In concluding that there is no merit to this assignment, we need only recognize that such testimony is admissible as provided in our evidence code. See 12 O.S.1981, § 2701 et seq. Nor do we see an abuse of discretion by the trial judge. See *Johnson v. Wade*, 642 P.2d 255 (Okl.1982).

■ As his fourth assignment of error the appellant raises a much more troublesome issue. When the jury retired to deliberate, a video player was set up in the jury room and the video tape of E.M.'s testimony was sent back with the jury for additional viewing. The appellant argues that this was reversible error, requiring a new trial.

This precise issue has not been addressed in Oklahoma. The State argues that we need not address the issue now because no objection appears in the record, implying that the appellant has waived this question for appellate review. When no objection is voiced at trial, this Court will consider the question waived unless the appellant's fundamental rights have been jeopardized.

See e.g. *Tucker v. State*, 675 P.2d 459 (Okl.Cr.1984); *Byrd v. State*, 657 P.2d 183 (Okl.Cr.1983).

The State alternatively argues that the video tape in question was an exhibit and that the trial court has great discretion when deciding whether to allow the jury to view exhibits. See *Crossett v. State*, 96 Okl.Crim. 209, 252 P.2d 150, 158 (1952). This tape, however, is not merely an exhibit, it is *testimony*.

In *Engram v. State*, 545 P.2d 1285, 1292 (Okl.Cr.1976), this Court held that it was not error to refuse the jury's request to have parts of the record read to them after they had retired to deliberate. Similarly, in *Givens v. State*, 705 P.2d 1139, 1141 (Okl. Cr.1985), we said that it was not error to refuse a jury's request to again hear certain testimony because it would add undue emphasis to that portion of the testimony. See also *Savage v. State*, 525 P.2d 1219 (Okl.Cr.1974). On the other hand, however, our statutes permit this practice if, after the jury has retired to deliberate, the jury makes a request to again hear certain testimony. 22 O.S.1981, § 894.

We agree with the appellant that there is an important distinction between having parts of testimony dispassionately read to a jury and allowing the jury to hear, and see, the entire testimony of an empathetic witness, such as a child describing a painful experience in his young life. The possibility for abuse is, we believe, substantially increased with video technology. This being so, a trial judge should carefully consider the alternatives before placing the video in the unrestrained hands of the jury during deliberation. We believe that the risk of prejudice is great in this situation.

The appellant directs this Court's attention to a recent case decided by the Supreme Court of Wyoming, *Chambers v. State*, 726 P.2d 1269 (Wyo.1986). *Chambers* is strikingly similar to this case. There, the Wyoming court was called upon to address this precise issue. In doing so, that court also had to apply its statute regulating the submission of additional information to the jury after deliberations had begun. See Section 1–11–209, W.S.

1977. That statute is nearly identical to our Oklahoma Statute, 22 O.S.1981, § 894.[1]

As stated by the Wyoming Supreme Court:

> "This statute does not change the common law rule against submitting testimonial materials to the jury for unsupervised and unrestricted review during deliberations, and it does not permit trial courts to repeat large amounts of testimony just because the jury makes such a request. *On the contrary, it requires that court discover the exact nature of the jury's difficulty, isolate the precise testimony which can solve it, and weigh the probative value of the testimony against the danger of undue emphasis.*"

*Chambers v. State,* 726 P.2d at 1276 (emphasis added). We believe that the Oklahoma Statute is no less restrictive and now hold that it was error for the trial court to submit the video tape of E.M.'s testimony to the jury for their unrestricted and, very likely, repeated viewing during deliberations. We feel that this placed undue emphasis on the testimony contained therein.

■■■■ We further hold that, consistent with 22 O.S.1981, § 894, video taped testimony may be repeated for the jury after the following determinations have been made. The jury must be called back into the court where the judge will determine the:

> "exact nature of the jury's difficulty, isolate the precise testimony which can solve it, and weigh the probative value of the testimony against the danger of undue emphasis. If, after this *careful* exercise of discretion, the court decides to repeat some testimony for the jury, ..."

*Chambers,* supra, at 1276, it may do so in the presence of the defendant and all counsel in open court or in other similarly controlled environment.

Therefore, for the reasons specified herein, the judgment and sentence of the District Court of Garvin County is REVERSED, and the cause is REMANDED with the instructions that the appellant be granted a NEW TRIAL.

BRETT, P.J., and PARKS, J., concur.

1. Section 1–11–209, W.S.1977 states:
   "After the jurors have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court where information upon the matter of law shall be given. The court may give its recollection as to the testimony on the points in dispute, in the presence of or after notice to the parties or their counsel."
   *Chambers v. State,* supra, at 1276.

Title 22 O.S.1981, § 894 states:
"After the jury have retired for deliberations, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the district attorney and the defendant or his counsel, or after they have been called."