**John Thomas DUVALL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–88–578.**

Court of Criminal Appeals of Oklahoma.

Oct. 10, 1989.

John P. Zelbst, Lawton, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Lee S. McIntire, Legal Intern, Oklahoma City, for appellee.

## OPINION

LANE, Vice Presiding Judge:

John Thomas Duvall, Appellant, was convicted on two of three counts of Unlawful Delivery of a Controlled Dangerous Substance (63 O.S.1981, § 2–401(A)) in the District Court of Jackson County, Case No. CRF–86–176. The jury recommended a sentence of five (5) years imprisonment and a fine of $6,000.00 dollars on count two and five (5) years imprisonment and a $2,000.00 fine on count three. The court sentenced Appellant in accord with the jury's verdict. Appellant has perfected his appeal from that judgment.

Appellant was originally charged with three counts of Unlawful Delivery of a Controlled Dangerous Substance after selling cocaine to a police informant on three different occasions. The informant, Thomas Gale Garrison, was working with police in return for lenient sentencing in a pending felony case. Garrison had previously worked at the same car lot with Appellant and knew him well.

Over a period of several weeks, Garrison contacted Appellant in an effort to obtain drugs. On September 16, 1987, Appellant told Garrison that he had possession of a quantity of cocaine. Garrison contacted agents at the Oklahoma Bureau of Narcotics and Dangerous Drugs (OBNDD) and told them he could make a purchase from Appellant. On September 17, Garrison arranged to meet Appellant at the car lot where Appellant worked. Garrison was wired with a body mike and given money with which to buy the drugs. The drug agents waited in a nearby car and recorded the transaction as transmitted through the body mike. Appellant sold Garrison one gram of cocaine.

Garrison was able to arrange two other meetings with Appellant. On September 22, 1986, Appellant sold Garrison three and one-half grams of cocaine. In addition, Appellant offered to sell Garrison four one ounce bags of marijuana for $75.00. That offer was refused. Finally, on September 30, 1986, Appellant sold Garrison another gram of cocaine. All of these meetings between Garrison and Appellant were monitored by OBNDD agents and were recorded on audio tape. After the third sale to Garrison, Appellant was arrested and the current charges against him were filed.

As his first assignment of error, Appellant claims that the trial court improperly allowed testimony concerning "other crimes" to be admitted against him. Specifically, he claims that the evidence of his possession of drugs on September 16, 1986, was improper, as was the evidence that he offered to sell Garrison marijuana as well as cocaine during the September 22 transaction.

We have reviewed the arguments presented as well as the actual testimony involved. We find that there was no violation of *Burks v. State*, 594 P.2d 771 (Okl. Cr.1979) in the admission of this testimony. In *Burks*, we held:

The general rule is that when one is put on trial, one is to be convicted—if at all—by evidence which shows one guilty of the offense charged; and proof that one is guilty of other offenses not con-

nected with that for which one is on trial must be excluded.

*Id.* at 772.

In accord with the principles quoted above, we identified a number of situations where the prohibition against evidence tending to prove "other crimes" is not applicable:

Evidence of other offenses may be admissible where it tends to establish motive, intent, absence of mistake or accident, identity or a common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other.

*Id.*

In the present case, evidence that Appellant was in possession of drugs on September 16 is relevant to show not only motive and intent, but is also very closely connected with the entire transaction. Garrison was offered the drugs by Appellant, contacted OBNDD agents and then returned to consummate the deal the next day. This evidence was properly admitted.

Likewise, the evidence concerning Appellant's offer of marijuana for sale during one of the transactions involving cocaine was equally part of the *res gesta*. The two transactions were connected in both time and place. There is no violation of *Burks* here.

■ When the jury retired for deliberation, all the trial exhibits were sent to the jury room with them, including the tape recordings of the conversations between Appellant and Garrison.[1] Appellant cites *Martin v. State,* 747 P.2d 316 (Okl.Cr.1987) as support for his claim that it was error for the court to allow the jury to take the tapes into the jury room.

In *Martin,* we considered the propriety of allowing jurors to view the video taped *testimony* of a witness during their deliberations. We held that it was improper to allow the jury to reconsider the testimony of a witness in such a manner, essentially

seeing and hearing the witness a second time, during deliberation. In reaching that result, we distinguished the video tape in question from an exhibit. In *Martin,* the video tape was of the actual testimony of the child whom the defendant was accused of molesting, however, in the present case, the audio tape was a recording of the sale of cocaine by Appellant to Garrison. It was not testimony by a witness.

■ The decision to allow a jury to take exhibits with them to the jury room is within the discretion of the trial court. *Daugherty v. State,* 640 P.2d 558, 561 (Okl. Cr.1982). Appellant has failed to demonstrate that the trial court has abused this discretion. Accordingly, the tapes were properly allowed to go with the jury during their deliberations as an exhibit. *See* 22 O.S.1981, § 893.

■ Appellant's final allegation of error concerns statements made by the prosecutor during final arguments. We have reviewed the comments of which Appellant complains and do not find error. The majority of the comments identified, especially those concerning the character and background of Thomas Garrison, were in direct response to comments made by counsel for Appellant. None of the comments identified were outside the range of permissible argument. *Thompson v. State,* 724 P.2d 780 (Okl.Cr.1986). There is no error presented here.

Finding no error which requires either modification or reversal, Appellant's Judgment and Sentence is hereby AFFIRMED.

BRETT and LUMPKIN, JJ., concur.

PARKS, P.J., dissents.

PARKS, Presiding Judge, dissenting:

In his second assignment, appellant argues the trial court committed reversible error in allowing the jury to rehear the audio tapes of conversations between appellant and an informant over defense counsel's objection. I agree.

---

1. The trial court refused to authorize the provision of transcriptions of the tapes to the jury for consideration during deliberations. According-ly, we do not consider any issue concerning such transcriptions.

The trial court failed to follow the requirements of 22 O.S.1981, § 894, as interpreted by caselaw. *See e.g., Givens v. State,* 705 P.2d 1139, 1141 (Okla.Crim.App. 1985); *Kovash v. State,* 519 P.2d 517, 520 (Okla.Crim.App.1974). Absent compliance with Section 894, I agree with appellant that undue emphasis was placed on the taped conversations. *See Martin v. State,* 747 P.2d 316, 319–20 (Okla.Crim.App.1987). I fail to see the significant distinction the majority finds between *Martin* and this case. Accordingly, I dissent to the affirmance of appellant's conviction.