**Terry Don PFAFF, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–90–971.**

Court of Criminal Appeals of Oklahoma.

April 14, 1992.

Gerald C. Dennis, Dennis & Branam, Antlers, for appellant.

Susan Brimer Loving, Atty. Gen., and Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Judge:

Terry Don Pfaff, appellant, was tried by jury for the crime of Unlawful Cultivation of Marijuana, in violation of 63 O.S.1981, § 2–509, in Case No. CRF–89–73 in the District Court of Atoka County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at five (5) years imprisonment. The trial court sentenced appellant accordingly. From this Judgment and Sentence, appellant appeals.

On June 30, 1989, Atoka County Sheriff Gary McCool and Jack Hill, an investigator for the Atoka County District Attorney's Office, were conducting aerial searches for growing marijuana plants. At that time, they spotted some marijuana stalks growing on the property of a Paul Finch, Sr. On July 12, 1989, Sheriff McCool and Mr. Hill went to the location on foot and observed approximately fifty (50) marijuana plants, which appeared to have been maintained and/or cultivated. At that time, it was decided to set up surveillance on the area.

On the next day, July 13, 1989, Sheriff McCool and Mr. Hill went back to the area. Mr. Hill had taken along a camcorder for the purpose of filming the cultivation of the plants, possible water sources and any paths leading to and away from the plants. While Mr. Hill was in the process of filming, both men heard a vehicle approaching. As the sheriff and Mr. Hill took cover, they heard the vehicle stop and the vehicle door being opened and then shut. As the two men waited, with the camera still recording, they observed the appellant walking through the brush and toward the marijuana plants. As the appellant neared, they could observe him carrying four, one-gallon water jugs.

After the appellant had watered approximately six (6) of the marijuana plants, Sheriff McCool approached him and placed him under arrest. Sheriff McCool testified that once the appellant saw him he stated, "you've caught me." (Tr. 90) The appellant was given his Miranda rights and taken into custody, all of which was filmed by Mr. Hill.

Appellant testified on his own behalf. He claimed that he was merely proceeding to a watermelon patch, when he came upon some water jugs. Appellant maintains that as he was picking up the jugs to look at them, some men came out of the bushes with a video camera and said, "smile, you're on candid camera." Appellant thought it was some kind of joke until he was arrested.

After closing arguments in the trial of this case, the jury was sent to deliberate. During their deliberation, however, they sent a note to the trial judge requesting that they be allowed to see part of the videotape again. Over the appellant's objection, the trial court allowed the jury to review the videotape. According to the jury foreman, several of the jurors had difficulty in hearing the tape as it was played during the State's case-in-chief, and they wanted to replay certain parts.

In his first assignment of error, appellant contends that the trial court

erred in allowing the jury, after deliberation had begun, to view the video tape in its entirety. In *Martin v. State*, 747 P.2d 316 (Okl.Cr.1987), this Court found error in the trial court's decision which allowed jurors to review, during deliberations, the video taped testimony of a child witness. In reversing, this Court held that, consistent with 22 O.S.1981, § 894, video taped testimony may be repeated for the jury after certain determinations are made. First, the jury must be called back into the court where the judge will determine and consider: 1) the exact nature of the jury's difficulty; 2) if the precise testimony which will solve the jury's question can be isolated; and 3) whether the probative value of the testimony outweighs the danger of undue emphasis. It is after the careful consideration of these factors that the trial court may repeat some of the testimony for the jury in the presence of the defendant and all counsel in open court or in other similarly controlled environment. *Id.*, 747 P.2d at 320.

In *Duvall v. State*, 780 P.2d 1178 (Okl. Cr.1989), this Court distinguished between the taped *testimony* of a witness and the *non-testimonial* recording of a witness. Finding that the recording of a conversation between the defendant and an informant during a sale of cocaine was not testimony, we left the decision to allow a jury to take exhibits with them to the jury room within the discretion of the trial court.

■ Thus, we find that if an audio-tape/video is considered to be testimonial in nature, the guidelines of *Martin* should be followed. On the other hand, if the trial court concludes that the audiotape is not testimonial, then it may permit the jury to have the tape in the course of its deliberations just as any other exhibit may be furnished to the jury, as in *Duvall*. *See also Stephens v. State*, 774 P.2d 60 (Wyo. 1989).

While the record in the case before us does not demonstrate whether the trial court found the audiotape/video to be a testimonial or nontestimonial exhibit, we find it clear that it was nontestimonial, and thus, there was no error in the trial court's decision to allow the jury to review it.

■ In his final assignment of error, appellant contends that the trial court erred in allowing into evidence exhibits two (2) through five (5), four one-gallon milk cartons, and exhibits five (5) and six (6), a mayonnaise jar and a bucket, all of which had "Pfaff" written on them by Sheriff McCool. Appellant contends that such inscriptions were highly prejudicial as there was no other incriminating evidence such as fingerprints which showed that appellant had had these exhibits in his possession or had used them. However, a review of the record reveals that both Sheriff McCool and the appellant explained that the writing, which also included the date of seizure, was made by Sheriff McCool and not the appellant. We find that the jury was well aware of who made the markings and why. We further find that the appellant has wholly failed to establish that he was prejudiced in any way. *Mills v. State*, 594 P.2d 374, 382 (Okl.Cr.1979). This assignment of error is meritless.

For the foregoing reasons, the Judgment and Sentence is

AFFIRMED.

LANE, P.J., and BRETT, J., concur.

LUMPKIN, V.P.J., and PARKS, J., specially concur.

LUMPKIN, Vice–Presiding Judge, specially concurring:

I concur in the Court's decision in this case and agree that further clarification of our decision in *Duvall v. State*, 780 P.2d 1178 (Okl.Cr.1989), is needed.

The fact situation in *Duvall* is very illustrative of the distinction to be made between "testimony", which the trial court should not allow to be taken into the jury room, and a nontestimonial exhibit which may be reviewed by the jurors during their deliberations. As we stated in *Duvall* our decision in *Martin v. State*, 747 P.2d 316 (Okl.Cr.1987), sets forth the procedure to be utilized when jurors want to review the testimony of a witness presented at trial. That procedure is the same regardless of whether the testimony at trial is presented by the witness in person, by video tape or by the reading of testimony from a prior hearing or trial. However, as *Duvall* ex-

plained, when a video, audio, written or oral statement, transaction or event is obtained during the course of the investigation and identified and admitted during the course of the trial as an item of evidence, then that exhibit is allowed to be taken into the jury room with all other exhibits for the jurors to review. While these types of exhibits may contain statements of the defendant, they are not the testimony of a witness at trial. This is the distinction the trial court must make in its decision as to what exhibits may be taken into the jury room.

PARKS, Judge, specially concurring:

It continues to be the opinion of this writer that undue emphasis is placed on tape recorded evidence when it is laid in the unrestrained hands of the jury during deliberation. The risk of prejudice in such a situation is great. *Duvall v. State*, 780 P.2d 1178 (Okl.Cr.1989) (Parks, J., Dissenting); *See Also Martin v. State*, 747 P.2d 316 (Okl.Cr.1987). However, I am bound by *Stare Decisis* to follow the will of the majority.