**Ezekiel Lenor DAVIS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F-90-853.

Court of Criminal Appeals of Oklahoma.

Nov. 4, 1994.

Fred DeMier, Asst. Dist. Atty., Tulsa, prosecutor for appellee at trial.

Frank Thompson, Tulsa, for appellant at Trial.

S. Gail Gunning, Asst. Appellate Indigent Defender, Mark Pennington, Norman, for appellant on appeal.

Susan Brimer Loving, Atty. Gen., Diane Slayton, Asst. Atty. Gen., Oklahoma City, for appellee on appeal.

## *OPINION*

LANE, Judge:

Ezekiel Lenor Davis, Appellant, was tried by jury for the crimes of Feloniously Pointing a Weapon (21 O.S.1981, § 1279) and Murder in the First Degree (21 O.S.1981, § 701) in Tulsa County District Court, Case No. CRF–89–4475, the Honorable William J. Musseman, Special Judge, presiding. The jury acquitted appellant of the weapons charge, and found him guilty of first degree murder. The jury then set punishment at life imprisonment, which the trial court sentenced accordingly.

The facts adduced at trial established the appellant shot and killed Garfield Sier, the step-father of his girlfriend, Becky, following an argument over the step-father's sexual advances toward her. On October 16, 1989 Appellant picked Becky up after school and took her home. When they arrived at Becky's house the appellant confronted Sier on the front porch. The two had words, and Sier went inside the house. The appellant went to his car, got an automatic .380 hand gun, returned to the front porch where Sier was then standing and shot him once in the back of the head. The appellant then walked back to his car. The shooting culminated a long period of conflict between the two men.

Appellant told the police Sier was armed and he shot in self-defense. This purported gun was never found.

Appellant first challenges the admission of certain testimony which he claims was inadmissible evidence of other crimes. The first of three challenged incidents is an argument between Appellant and Becky on the way home from school. They argued over the color of a house, and in the course of the argument he hit her twice.

■ At trial the prosecutor argued this evidence went to motive and lack of mistake. The State argues on appeal this is part of the res gestae of the murder. Evidence which otherwise would be considered evidence of other crimes is admissible under the *res gestae* exception if it is relevant to show the character of the offense charged. *Lalli v. State*, 870 P.2d 175 (Okl.Cr.1994).

■ The fact the appellant hit his girlfriend during an argument over the color of a house is not relevant to show the character of the murder of her step-father. Admission of this evidence was error. When we consider the effect this evidence may have had on the trial and the jury's determination of guilt or punishment, we find it had none. The evidence of guilt was overwhelming, the evidence of self-defense extremely meager, and the sentence is the least possible penalty for murder. Introduction of this evidence was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

■ Appellant next challenges the introduction of testimony to establish that at an earlier date the appellant broke the windows of the car belonging to Becky's mother. The prosecutor argued this went to motive and malice aforethought and the trial court allowed the testimony over defense objection. The prosecutor's questions which evoked this testimony in rebuttal came in response to defense questioning regarding the fact Becky's mother did not like the defendant. We do not reach the question whether this evidence fits an exception to the other crimes evidence prohibition, for once the defendant opened the door, he can not object to the development of this issue. *Goodwin v. State*,

743 P.2d 1101 (Okl.Cr.1987); *Wimberly v. State*, 698 P.2d 27 (Okl.Cr.1985); *Vital v. State*, 640 P.2d 1372 (Okl.Cr.1982).

■ Appellant's third and final challenge to other crimes evidence is contained in the appellant's video taped statement and its transcript. The appellant stated:

Q: Where did you go in this Chevrolet that you found sitting on the street?

A: Well, I went riding around up north a little, for a little while 'til (sic) about 12:10, that's when my girlfriend got out of school, and I jetted over to her school, you know . . .

Q: . . . O.K., you stopped at the store and got some gas, didn't have any money, so you took off?

A: Yes, I took off trying to make it here, and I passed a cop, but by the time he turned around I was at least about, say, half a mile away, at least that for . . .

The trial court allowed these statements for they were an admission against interest made by the defendant. We know of no exception to the other crimes prohibition for statements made by the accused. This evidence had no relevance at trial and should therefore not have been admitted. 12 O.S. 1981, § 2402. However, again given the overwhelming evidence of guilt and the fact the jury recommended the least possible punishment, we find the error is harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

■ Jury instructions are the subject of appellant's next four propositions of error. We review for plain error only, for no objection was raised at trial. *Scott v. State*, 808 P.2d 73 (Okl.Cr.1991).

■ Appellant argues the trial court should have given a limiting instruction, *sua sponte* in regards to the other crimes evidence admitted at trial. As we have found the evidence fits exceptions to the other crimes prohibition, such instruction is not necessary.

■ Appellant next contends the trial court committed reversible error by using language from the Information in his instruc-

tion. Such drafting is not favored according to the comments to OUJI–CR 425. Appellant does not point to any prejudice suffered thereby, and indeed we find none. Since no objection was lodged, the jury was not misinstructed, and the defendant suffered no prejudice, we find no plain error. *Ashinsky v. State,* 780 P.2d 201 (Okl.Cr.1989).

■ The trial court gave OUJI–CR 427 setting forth the elements of first degree murder and a second instruction which defined murder according to 21 O.S.1981, § 701.7. Appellant argues this redundant instruction warrants reversal. This instruction is redundant and unnecessary. In the context of the instructions as a whole, we find the redundancy to be harmless. *See, Ashinsky,* 780 P.2d at 206.

■ The trial court instructed the jury that assault is an element of felonious pointing of a weapon. Appellant argues this confused the jury. Inasmuch as the appellant was acquitted of this charge, we do not address this moot argument.

■ In the final challenge to jury instructions the appellant argues OUJI–CR 429 misstates the law for it uses the permissive may instead of must as follows:

> The external circumstances surrounding the commission of the homicidal act *may* be considered in finding whether or not deliberate intent existed in the mind of the defendant to take a human life … (emphasis added)

The use of the word "may", the appellant contends, relieves the State of proving malice beyond a reasonable doubt. This argument is neither semantically nor legally persuasive. The plain meaning of the words properly instructs the jury. *See Adair v. State,* 710 P.2d 768 (Okl.Cr.1985).

Part of the video-tape of appellant's statement to the police was admitted into evidence and played to the jury. Each juror was given a transcript of that portion of the tape which was played. The trial court allowed one copy of the transcript to go to the jury room during deliberations. The video tape was not allowed to go with the jury into deliberations.

■ Appellant claims this allowed undue emphasis to be given to the statement which he claims included inadmissible evidence and excluded admissible exculpatory evidence. The rather narrow issue before us is whether the transcript of an extra-judicial statement of a criminal defendant to the police which has been admitted into evidence may be taken to the jury room during deliberations in lieu of the video tape itself. As we address this issue, it should be understood certain related issues are not before us at this time. There is no contention the transcript (1) is not accurate; (2) was not properly admitted into evidence; (3) contained inadmissible evidence; or (4) was taken to the jury room in addition to the video tape. We find the transcript under the facts of this case may be taken into deliberations by the jury.

This holding marks an apparent break with the past. The transcript of a confession was found inadmissible by this Court in *Bonicelli v. State,* 339 P.2d 1063 (Okl.Cr.1959) on the basis no predicate for its admission had been laid. In *dicta* the Court opined even if a proper predicate had been laid, admission of the transcript into evidence was barred by the best evidence rule and the rules against repetition and undue emphasis. In the context of the now common usage of video taped evidence, and the Oklahoma Evidence Code, the reasoning of the *Bonicelli* dicta is no longer viable.

■ The proper use of video and audio tapes by the jury during deliberations has been fashioned by this Court over the course of several decisions. A bright line emerges from these decisions: taped *testimony* may not go with the jury into deliberation; taped *exhibits* may. *See, Martin v. State,* 747 P.2d 316 (Okl.Cr.1987) (testimony); *Duvall v. State,* 780 P.2d 1178 (Okl.Cr.1989) (exhibits); *Banks v. State,* 810 P.2d 1286 (Okl.Cr.1991) (tape recorded extra-judicial statement is exhibit); *Pfaff v. State,* 830 P.2d 193, 195 (Okl. Cr.1992).

Jury use of transcripts of these tapes is a separate question less frequently raised by counsel. We are guided in our consideration by our previous cases addressing use of the tapes themselves, and the Oklahoma Evi-

dence Code. When we examine the Oklahoma Evidence Code we find the Code charges the trial court with excluding "needless presentation of cumulative evidence" and evidence whose "probative value is substantially outweighed by the danger of unfair prejudice" 12 O.S.1981, § 2403. None of these provisions necessarily bar the introduction of an accurate transcript of an exhibit into evidence, or bar such transcript from the jury room.

The very real problems of cumulativeness and unfair emphasis are not present in this case for the transcript was taken to the jury room and the tape itself was not. The trial court wisely kept the tape from the jury room, for it contained inadmissible evidence of other crimes.

■ We reject the dicta set forth in *Bonicelli*, for the better course is to allow a transcript which properly has been admitted into evidence to be taken into deliberations in lieu of the tape itself subject to the discretion of the trial judge guided by all applicable sections of the Evidence Code.

■ Appellant next objects to the admission of the video tape for the State did not play portions which he now considers to be exculpatory. We are not persuaded by this argument, for the appellant could have demanded these portions be played under the authority of Title 12 O.S.1981, § 2107. He did not.

Prosecutorial misconduct is next challenged. While the prosecutor was emphatic and dramatic, he did not exceed fair comment. *See, Collums v. State,* 654 P.2d 1070 (Okl.Cr.1982); *Holt v. State,* 628 P.2d 1170 (Okl.Cr.1981).

■ Appellant next asserts the photograph of the deceased after a medical procedure had been performed is inadmissible. The medical procedure in question is the shaving of an area of the head approximately two inches square around the bullet hole. This procedure is nothing like the autopsy cuts condemned in the case on which the appellant relies, *Ritchie v. State,* 632 P.2d 1244 (Okl.Cr.1981). The photograph admitted in the present case corroborated testimony regarding the fact the deceased was shot in the back of the head. This photograph was admissible subject to the discretion of the trial court for its probative value substantially outweighed its danger of undue prejudice. *See Pickens v. State,* 850 P.2d 328 (Okl.Cr.1993); *McCormick v. State,* 845 P.2d 896 (Okl.Cr.1993); *Fritz v. State,* 811 P.2d 1353 (Okl.Cr.1991).

■ In his final proposition of error the appellant argues the evidence is insufficient to prove malice aforethought. Because state of mind was proved by circumstantial evidence, the evidence must be sufficient to rule out all reasonable hypotheses except that the appellant acted with malice aforethought. *See Riley v. State,* 760 P.2d 198 (Okl.Cr.1988). The evidence established that during the course of the argument the appellant stepped off the front porch, went to his car, got his automatic pistol, returned to the porch, shot the deceased in the back of the head and walked back to his car. This evidence is sufficient to rule out all other reasonable hypotheses except that the appellant acted with malice aforethought.

There being no error warranting reversal or modification, the judgment and sentence of the trial court is affirmed.

JOHNSON, V.P.J., and CHAPEL and STRUBHAR, JJ., concur.

LUMPKIN, P.J., concurs in result.