OSCN Found Document:REED v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 REED v. STATE
2016 OK CR 10
Case Number: F-2014-792
Decided: 05/04/2016
ROBERT LEE REED, Appellant, v. STATE OF OKLAHOMA, Appellee.
Cite as: 2016 OK CR 10, __ __

 

SUMMARY OPINION

HUDSON, JUDGE:

¶1 Appellant Robert Lee Reed was tried by a jury in the District Court of Tulsa County, Case No. CF-2013-5435, and convicted of Lewd Molestation, in violation of 21 O.S.2011, § 1123. The jury recommended Reed serve twenty-five (25) years imprisonment. The Honorable William J. Musseman, District Judge, sentenced Reed in accordance with the jury's verdict and further ordered Reed serve a three (3) year term of post-imprisonment supervision.[1] Reed now appeals.

¶2 Appellant alleges three propositions of error on appeal:

I. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT PERMITTED THE JURY UNFETTERED ACCESS TO THE DVD OF THE VICTIM'S FORENSIC INTERVIEW (STATE'S EXHIBIT 12) DURING DELIBERATIONS WITHOUT FOLLOWING THE PROCEDURES OUTLINED IN MARTIN V. STATE, 1987 OK CR 265, 747 P.2D 316 AND 22 O.S.2011, § 894;

II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S REQUEST FOR AN INSTRUCTION INFORMING THE JURY THAT HE WOULD HAVE TO REGISTER AS A SEX OFFENDER IF CONVICTED OF LEWD MOLESTATION; and

III. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

¶3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence and Appellant's judgment and sentence should be AFFIRMED.

1.

¶4 Appellant argues reversible plain error occurred when the trial court permitted the jury to take the DVD recording of the victim's forensic interview--State's Exhibit 12--into deliberations. A laptop computer to play the DVD was also provided. Appellant contends the jury was given "unfettered access" to repeatedly view the victim's forensic interview, which he argues likely led to repeated viewing of the video and ultimately "undue emphasis" on the victim's version of the events.

¶5 Appellant concedes defense counsel did not object--but actually acquiesced--to the overall handling of State's Exhibit 12, i.e., providing the jury with the videotape and the means by which to view it. Thus, Appellant has waived all but plain error review. "To be entitled to relief under the plain error doctrine, Appellant must prove: 1) the existence of an actual error (i.e., deviation from a legal rule); 2) that the error is plain or obvious; and 3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding." Levering v. State, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395. "If these elements are met, this Court will correct plain error only if the error 'seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings' or otherwise represents a 'miscarriage of justice.'" Id. (quoting Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923).

¶6 "The decision to allow a jury to take exhibits with them to the jury room is within the discretion of the trial court." Duvall v. State, 1989 OK CR 61, ¶ 12, 780 P.2d 1178, 1180. Appellant asserts, however, that the trial court abused its discretion and relief is warranted as the trial court's handling of the victim's videotaped forensic interview violated the guidelines set forth in 22 O.S.2011, § 894 and Martin v. State, 1987 OK CR 265, 747 P.2d 316.

¶7 In Martin, the child victim "testified, and was subject to thorough cross-examination, first in a closed room on camera and later, in person in front of the jury." Martin, 1987 OK CR 265, ¶ 9, 747 P.2d at 319. When the jury retired to deliberate, a videotape player was set up in the jury room and the recording of the child's testimony was provided to the jury for additional viewing. Id. at ¶11, 747 P.2d at 319. On appeal, the Martin Court found the videotape of the child victim's "closed room" testimony at trial was "not merely an exhibit, it [was] testimony." Id. at ¶ 13, 747 P.2d at 319 (emphasis in original). The Court determined that placing videotaped testimony in the unrestrained hands of a jury during deliberations creates a great risk of prejudice. Id. at ¶15, 747 P.2d at 319. Thus, consistent with the provisions of 22 O.S.1981, § 894, the Court held that before videotaped testimony can be replayed for a jury, the trial court must call the jury back into open court and determine the "exact nature of the jury's difficulty, isolate the precise testimony which can solve it, and weigh the probative value of the testimony against the danger of undue emphasis." Id. at ¶ 17, 747 P.2d at 320.

¶8 Over the course of several decisions since Martin, this Court further clarified the proper use of video and audiotapes by the jury during deliberations. "A bright line emerge[d] from these decisions: taped testimony may not go with the jury into deliberations; taped exhibits may." Davis v. State, 1994 OK CR 72, ¶ 17, 885 P.2d 665, 669; See also Stouffer v. State, 2006 OK CR 46, ¶ 131, 147 P.3d 245, 271; Cannon v. State, 1995 OK CR 45, ¶ 37, 904 P.2d 89, 104; Banks v. State, 1991 OK CR 51, ¶ 15, 810 P.2d 1286, 1292; Duvall v. State, 1989 OK CR 61, ¶ 11, 780 P.2d 1178, 1180. If the recording is an exhibit, it may go with the jury into deliberations like any other exhibit. See Stouffer, 2006 OK CR 46, ¶ 131, 147 P.3d at 271; 22 O.S.2011, § 893. However, if the recording is testimony, the recording may not go with the jury into deliberations and may only be replayed for the jury pursuant to the requirements set forth in § 894 and Martin. See Stouffer, 2006 OK CR 46, ¶ 131, 147 P.3d at 271; Cannon, 1995 OK CR 45, ¶ 37, 904 P.2d at 104.

¶9 Thus, the clear issue herein is whether the victim's videotaped forensic interview is recorded testimony or an exhibit. At first blush, it would appear the victim's forensic interview is merely an exhibit and thus easily distinguishable from the recorded testimony at issue in Martin. The victim testified at trial and thus unlike Martin, her videotaped interview was not testimony per se but instead was a recording of her forensic interview admitted into evidence as an exhibit. In fact, both the trial court and the parties perceived the victim's videotaped interview to be an exhibit--despite clearly being aware of Martin. Approximately two and half hours after the jury began deliberating, the jury sent out two separate notes within a few minutes timespan. In the first note, the jury requested a copy of Riesha's preliminary hearing testimony, which had been read into evidence during the State's case in chief. In the second note, the jury asked, "Can we get the TV? We cannot hear the DVDs." The trial court and litigants conferred upon both questions at essentially the same time.

¶10 With regard to the jury's request for Riesha's testimony, the implications of the Martin case were discussed at length and in keeping with Martin, a copy of Riesha's testimony was not provided to the jury. Rather, the jury's request was appropriately handled in open court. Martin, 1987 OK CR 265, ¶ 17, 747 P.2d at 320. Yet, with regard to the jury's request for a TV to view the DVDs, the applicability of Martin to the victim's videotaped forensic interview was never contemplated by the trial court or the parties.

¶11 As evidenced by the circumstances presented in this matter, guidance from this Court is clearly needed. Thus, we now definitively resolve this issue. As acknowledged by the parties on appeal, the victim's forensic interview bears the hallmarks of "in-court" testimony. Specifically, the forensic interviewer (1) ascertained the victim was able to understand the difference between the truth and a lie and (2) had the victim affirm--similar to the oath a child witness takes when providing testimony in court--she would only tell the truth during the interview.[2] And, although the details the victim provided in her recorded interview did not fully replicate her testimony at trial, the two accounts were for the most part consistent with each other. We thus find the victim's videotaped interview was the equivalent of recorded testimony. Compliance with § 894 and the safeguards outlined in Martin was therefore required in this matter. We hold that a videotaped forensic interview of a child possessing the principal attributes of in-court testimony should not go with the jury into deliberations nor be replayed for the jury without meeting the requirements set forth in § 894 and Martin.

¶12 To warrant reversal, however, there must be error plus injury. See Grissom v. State, 2011 OK CR 3, ¶ 25, 253 P.3d 969, 979 (holding error alone does not reverse convictions in Oklahoma, only error plus injury). No such injury occurred herein. The victim's testimony was amply corroborated independently by other evidence. Riesha Wilkinson--having heard the victim's screams--discovered Appellant with his shorts "down to his ankles on the floor" standing near the victim. Moreover, the victim had multiple abrasions, bruising and soft tissue damage on her neck that was consistent with Appellant having choked her. Consistent with strangulation, the victim's right eye had petechiae. The SANE examination also revealed the victim had "multiple red moist abrasions" on her nose corroborating her account that Appellant had forced his hand over her nose and mouth to keep her from screaming. The victim's genital region showed a fresh tear injury caused by a blunt object. This injury was consistent with Appellant's attempt to force his penis into the victim's buttocks while she was lying on her stomach. In addition, all of the victim's injuries were additionally determined to have been "less than 24 hours" old. Yet, in spite of the ample evidence against Appellant, the jury recommended Appellant be sentenced to the minimum term of years permitted by law--25 years--and imposed no fine. See 21 O.S.2011, § 1123.

¶13 Thus, Appellant has failed to demonstrate any injury from the alleged error sufficient to warrant relief. See Levering, 2013 OK CR 19, ¶ 6, 315 P.3d at 395. The trial court's failure to comply with § 894 and Martin was harmless. Relief for Proposition One is denied.

2.

¶14 Appellant asserts the trial court abused its discretion when it denied Appellant's request to instruct the jury that if convicted he would have to register as a sex offender. Appellant argues that being subject to the statutory requirements of the Sex Offender Registry Act is a "practical consequence of his sentence upon which the jurors should have been instructed on, as this information was necessary to provide the jurors with a complete (and clearer) picture regarding the reality of Appellant's sentence if they chose to convict."

¶15 "It is settled law that trial courts have a duty to instruct the jury on the salient features of the law raised by the evidence with or without a request." Hogan v. State, 2006 OK CR 19, ¶ 39, 139 P.3d 907, 923 (citing Atterberry v. State, 1986 OK CR 186, ¶ 8, 731 P.2d 420, 422). The instructions given to the jury are reviewed by this Court for an abuse of discretion. Harney v. State, 2011 OK CR 10, ¶ 10, 256 P.3d. 1003, 1005. "Absent an abuse of that discretion, this Court will not interfere with the trial court's judgment if the instructions as a whole, accurately state the applicable law." Id. "An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue." Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.

¶16 Appellant relies upon the Oklahoma Supreme Court's decision in Starkey v. Okla. Dept. of Corrections, 2013 OK 43, 305 P.3d 1004, to support his argument that registration as a sex offender is an integral part of the punishment for a sex offense. Appellant's reliance on Starkey is erroneous. Starkey specifically addressed whether the Department of Corrections' retroactive application of certain amendments to the Sex Offenders Registration Act (SORA) violated the prohibition against Ex Post Facto laws. Id., 2013 OK 43, ¶¶ 1-8, 18, 305 P.3d at 1008-10, 1013. Appellant does not assert any portion of SORA has been retroactively applied to him. Thus, the Starkey decision is neither controlling nor persuasive.

¶17 Moreover, the requirements of SORA are not part of the applicable range of punishment for Appellant's offense. Title 21 O.S.2011, § 1123 provides the applicable range of punishment for the offense of Lewd Molestation. Nothing in § 1123 permits a judge or a jury to impose or for that matter delay, alter, or suspend registration as a sex offender. Nor does any provision within SORA authorize a sentencing judge or jury to require or preclude compliance with the Act. 57 O.S.2011, §§ 581-590, 590.2; 57 O.S.Supp.2012, § 590.1. Rather, SORA is a regulatory scheme that is entirely separate and distinct from the applicable punishment range.

¶18 Additionally, sex offender registration is not analogous to the "85% Rule". The 85% rule is a sentencing consequence that has a calculable effect on the term of imprisonment to be imposed. Verduzco v. State, 2009 OK CR 24, ¶ 6, 217 P.3d. 625, 628. Registration pursuant to SORA, in contrast, has no bearing on the issue of guilt or the actual term of imprisonment or fine imposed. Thus, sex offender registration is not a material consequence of sentencing and is a collateral matter outside the jury's purview.

¶19 Registration pursuant to SORA is not a salient feature of the law in sex crime cases upon which trial courts have a duty to instruct. Finding no abuse of discretion occurred, Appellant's second proposition of error is denied.

3.

¶20 Appellant asserts his right to effective assistance of counsel was violated when defense counsel failed to object to the introduction of the victim's videotaped forensic interview into evidence. Appellant contends defense counsel's failure to object "[p]aved the way for allowing the jury to have unlimited access to this testimony during deliberations." Thus, Appellant maintains defense counsel's failure to object cannot be considered sound trial strategy as it ultimately led to a "reasonable probability" that the jury placed undue emphasis on the victim's version of the events.

¶21 To prevail on an ineffective assistance of counsel claim, the defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Nowhere within Appellant's brief does he argue or establish that the videotape of the victim's forensic interview--State's Exhibit 12--was improperly admitted into evidence. Thus, this argument is waived. Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015); see also Arganbright v. State, 2014 OK CR 5, ¶ 39, 328 P.3d 1212, 1221 (appellate review waived by Appellant's failure to provide any argument or authority to support his claim).

¶22 To the extent Appellant challenges defense counsel's failure to object to the jury being provided with the victim's videotaped interview and the means by which to view it, no Strickland prejudice resulted. As discussed in Proposition I, although error may have occurred when the jury was given unrestricted access to the videotape, ultimately Appellant was not prejudiced by this error. The victim's testimony was amply corroborated independently by other evidence. Additionally, Appellant was sentenced to the minimum term of years permitted by law--25 years. And, despite the ability to impose a fine up to the amount of $10,000.00, the jury did not assess any fine. Thus, even assuming trial counsel's performance was deficient, Appellant was not prejudiced by such deficient performance. See Sanchez v. State, 2009 OK CR 31, ¶ 98, 223 P.3d 980, 1012 ("The Supreme Court in Strickland defined prejudice as a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial or sentencing would have been different.").

¶23 Appellant's final proposition of error is denied.

DECISION

¶24 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2016), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE WILLIAM J. MUSSEMAN, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 RICHARD KOLLER
 JULIE BALL
 ASSISTANT PUBLIC DEFENDERS
 423 S. BOULDER, SUITE 300
 TULSA, OK 74103
 ATTORNEYS FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL
 
 CHRISTINA A. BURNS
 NICOLE DAWN HERRON
 ASSISTANT PUBLIC DEFENDERS
 423 S. BOULDER, SUITE 300
 TULSA, OK 74103
 ATTORNEYS FOR APPELLANT
 
 
 
 
 
 
 ERIC LOGGIN
 MARY WALTERS
 ASSISTANT DISTRICT ATTORNEYS
 TULSA COUNTY COURTHOUSE
 500 S. DENVER
 TULSA, OK 74103
 ATTORNEYS FOR STATE
 
 
 
 
 E. SCOTT PRUITT
 OKLAHOMA ATTORNEY GENERAL
 MATTHEW D. HAIRE
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 ATTORNEYS FOR APPELLEE
 
 
 

OPINION BY: HUDSON, J.
SMITH, P.J.: SPECIALLY CONCUR 
LUMPKIN, V.P.J.: CONCUR 
JOHNSON, J.: CONCUR 
LEWIS, J.: CONCUR 

FOOTNOTES

[1] Appellant must serve at least 85% of his sentence before parole eligibility. 21 O.S.2011, § 13.1(18).

[2] See Shelton v. State, 1990 OK CR 34, ¶ 26, 793 P.2d 866, 874 ("A child is a competent witness under 12 O.S.1981, § 2603 if he or she has personal knowledge of the matters at issue, and has taken an oath or similar affirmation to tell the truth.").

 

 

SMITH, PRESIDING JUDGE, SPECIALLY CONCURRING:

¶1 I agree that the conviction and sentence in the case should be affirmed. I write separately to, again, state my belief that sex offender registration amounts to punishment. Bingley v. State, F-2013-203 (Okl. Cr. Dec. 19, 2014) (Smith, V.P.J., concurring in part, dissenting in part). I continue to believe that information with regard to sex offender registration can, and does, affect the punishment recommended by a jury. I would hold that trial courts should instruct jurors, where appropriate, that a defendant will be required to register as a sex offender.

¶2 However, the failure to do so did not affect the sentence in this case.

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1987 OK CR 265, 747 P.2d 316, MARTIN v. STATE
Discussed at Length
 1989 OK CR 61, 780 P.2d 1178, DUVALL v. STATE
Discussed at Length
 1990 OK CR 34, 793 P.2d 866, SHELTON v. STATE
Discussed
 1991 OK CR 51, 810 P.2d 1286, BANKS v. STATE
Discussed
 1994 OK CR 72, 885 P.2d 665, DAVIS v. STATE
Discussed
 1995 OK CR 45, 904 P.2d 89, CANNON v. STATE
Discussed at Length
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed at Length
 2006 OK CR 46, 147 P.3d 245, STOUFFER v. STATE
Discussed at Length
 2009 OK CR 24, 217 P.3d 625, VERDUZCO v. STATE
Cited
 2009 OK CR 31, 223 P.3d 980, SANCHEZ v. STATE
Discussed
 2011 OK CR 10, 256 P.3d 1002, HARNEY v. STATE
Cited
 2011 OK CR 3, 253 P.3d 969, GRISSOM v. STATE
Discussed
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed
 2013 OK CR 19, 315 P.3d 392, LEVERING v. STATE
Discussed at Length
 2014 OK CR 5, 328 P.3d 1212, ARGANBRIGHT v. STATE
Discussed
 1986 OK CR 186, 731 P.2d 420, ATTERBERRY v. STATE
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2013 OK 43, 305 P.3d 1004, STARKEY v. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2603, Oath or Affirmation
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited
 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Discussed at Length
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 893, What Jury May Take With Them Upon Retirement for Deliberation
Cited
 22 O.S. 894, Jury Brought Into Court for Information After Retirement-Notice to Parties
Discussed at Length
Title 57. Prisons and Reformatories
 Cite
Name
Level

 57 O.S. 590.1, Unlawful for Registered Sex Offenders to Reside Together in Individual Dwelling - Zoning - Prohibition Against Allowing Registered Sex Offenders to Live Together
Cited