## HARRY COHN v. STATE.

No. A-174.   Opinion Filed December 19, 1910.

1.   **APPEAL—Case-Made—Certification.**  A purported case-made not certified to by the trial judge cannot be considered by the appellate court.

2.   **APPEAL—Transcript—Requisites.**  The record of a criminal trial in a county court, not certified to either by the judge or the clerk of the court, cannot be treated as a transcript.

3.   **APPEAL—Case-Made—Record of Service.**  No case-made will be considered on appeal which does not show affirmatively that it was served upon the county attorney within the time fixed for that purpose by the trial court.

(Syllabus by the Court.)

*Appeal from Pittsburg County Court; R. W. Higgins, Judge.*

Harry Cohn was convicted of violating the prohibition law, and his punishment was assessed at a fine of $500 and imprisonment in the county jail for a term of six months.   From an order overruling a motion for a new trial, he appeals.   Appeal dismissed.

*J. G. Harley* and *Stuart, Gordon & Liedlke,* for plaintiff in error.

*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE.   The purported case-made herein contains no certificate of the trial judge, nor is the record certified to, either by the judge of the county court of Pittsburg county, or by the clerk of such court.   The papers before us, therefore, constitute neither a case-made nor a transcript, and for that reason cannot be considered by this court.

Also the purported case-made shows that the court overruled plaintiff in error's motion for a new trial and pronounced sentence on March 19, 1909, and on that day gave plaintiff in error thirty days within which to serve his case-made on the county attorney.   On April 17, 1909, the court granted plaintiff in error, on the latter's motion, five additional days for the service of his

case-made. The time for serving the case-made, therefore, expired on April 23, 1909. There is nothing in the record to show that it was ever served on the county attorney. The purported case-made contains a stipulation signed by the county attorney to the effect that he waives notice of the time and place of presenting same to the judge for settlement and signing, and agrees that the same may be settled and signed by the judge at the latter's convenience. This is dated May 8, 1909, fifteen days after the time allowed for serving the case-made. That does not show that the case-made was served on the county attorney; and if it did, it would be no showing that it was served within the time allowed. No case-made will be considered by this court which does not show positively and affirmatively that it was served upon the county attorney within the time allowed by the trial court. *Box v. State, ante,* 111 Pac. 655; *Wilson v. United States, ante,* 111 Pac. 659; *Abel v. Blair,* 3 Okla. 399, 41 Pac. 342; *Polson v. Purcell,* 4 Okla. 93, 46 Pac. 578; *Horner v. Christy,* 4 Okla. 553, 46 Pac. 561; *Gibson v. State,* 3 Okla. Cr. 594, 107 Pac. 739.

The appeal herein is therefore dismissed, and a mandate will issue directing the county court of Pittsburg county to enforce its judgment herein.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.