# C. F. WATT v. STATE.

No. A-2514—Opinion Filed Sept. 2, 1919.

(183 Pac. 512.)

1. **APPEAL AND ERROR—Case-Made—Signature and Certification.** A purported case-made, not signed and certified by the trial judge within the time limited by the statute for filing it in this court, is a nullity.

2. **SAME—Absence of Trial Judge—Right to New Trial.** Where a convicted defendant, without laches or fault on his part, loses the benefit of his exceptions as reserved in a case-made, on account of the absence of the trial judge from the state at the time the

same should have been settled and signed, and until after the time limited by the statute for filing it in this court, a new trial will be granted.

3   **SAME.** It appears that orders granting extensions of time within which to prepare and serve case-made were duly entered as provided by law, which case-made was served within time, and notice given of the time for settling and signing the same; that the trial judge left the state before the day named in the notice, and remained absent until after the time limited by the statute for filing the same in this court; on the last day within the time allowed by law an appeal was taken by filing in this court a petition in error, with a certified transcript of the record and an unsigned case-made attached. It appearing that the transcript of the evidence in the case would be essential to a consideration of the errors assigned, and that plaintiff in error has been prevented, without laches on his part, on account of the absence of the trial judge from the state, from having his case-made duly signed and settled, the judgment is reversed, and a new trial granted.

*Appeal from District Court, Blaine County;*
*Thomas A. Edwards, Judge.*

C. F. Watt was convicted of assault with intent to do bodily harm, and he appeals. Reversed, and new trial awarded.

*C. F. Dyer,* for plaintiff in error.

The Attorney General and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, C. F. Watt, was convicted in the district court of Blaine county of assault with a dangerous weapon with intent to do bodily harm, and on January 29, 1915, was sentenced to be confined in the county jail for 120 days, and to pay the costs. To reverse the judgment an appeal was taken by filing in this court on July 29, 1915, a petition in error, with a duly certified transcript of the record, and a case-made, which had not been signed and settled by the trial judge.

In addition to the various errors assigned counsel for plaintiff in error asks that the judgment be reversed and

a new trial granted because "plaintiff in error has been deprived of his constitutional right to have his trial reviewed in this court upon a case-made by reason of the absence from the state of the trial judge, who remained absent from the state until the time expired within which plaintiff in error could have had said case-made duly settled, signed, and certified as provided by law; that plaintiff in error was ignorant of the intention of the trial judge to leave the state, and was in no way responsible therefor; that his inability to procure a proper certified case-made was not through his fault."

It appears from the record that orders granting extensions of time within which to prepare and serve a case-made were duly entered as provided by law, the last order having been made on the 6th day of July, 1915, which extended the time until the 20th day of July; that said case-made was duly served and service acknowledged on the 19th day of July, and on the same day the county attorney was notified that said case-made would be presented to the trial judge on the 24th day of July for settlement, signing and certifying at the hour of 2 o'clock p. m. of said day at the chambers of said judge in the city of Cordell. On the 20th day of July the trial judge departed from the state on his vacation, and did not return until after the 29th day of July, the last day on which the case-made could, within the limit of the statute, be signed and settled and filed in this court.

The Constitution recognizes the right of appeal from a conviction, but leaves it to the Legislature to regulate the manner of exercising that right. Under the provisions of the statute an appeal may be taken either by a duly certified transcript of the record proper, or by a case-made as

by law provided. An appeal by transcript does not bring up the review of questions arising upon exceptions taken to rulings of the court upon the admission and exclusion of evidence. A purported case-made not certified by the trial judge cannot be considered by the appellate court. *Cohn v. State,* 4 Okla. Cr. 498, 113 Pac. 216.

And an original case-made settled and signed after the time limited by the statute for filing it in this court is a nullity. *State v. Coyle,* 11 Okla. Cr. 637, 150 Pac. 80.

That the case-made was not settled, signed, and certified is not the fault of plaintiff in error or his counsel. The trial judge left the state without notice to plaintiff in error or his counsel, and thereby plaintiff in error was deprived of the right to have his case reviewed on the errors assigned in this court.

In the case of *Bailey v. United States,* 3 Okla. Cr. 175, 104 Pac. 917, 25 L. R. A. (N. S.) 860, it is said:

"It seems to be well established, as a general rule, that where a defendant has done all that the law requires in perfecting his appeal, and where the record necessary for a review of the case is lost or destroyed while in the custody of an officer of the court, in order to prevent a possible miscarriage of justice by depriving the defendant of his legal right of appeal, a new trial will be granted."

And see *Tegeler v. State,* 3 Okla. Cr. 595, 107 Pac. 949, 139 Am. St. Rep. 976.

By the weight of authority, where a convicted defendant has lost the benefit of regularly taken exceptions, through no fault or negligence of his own, the appellate court will not determine the cause, but will award a new trial. *Richardson v. State,* 15 Wyo. 465, 89 Pac. 1027, 12 Ann. Cas. 1048, and note 1056.

The appeal here is taken by petition in error and a duly authenticated transcript of the record. Upon an examination of the record we have reached the conclusion that a transcript of the evidence in the case would be essential to a consideration of the errors assigned, and that plaintiff in error has been prevented, without fault or negligence on his part, but on account of the absence of the trial judge from the state, from having his case-made duly signed and settled. Upon that ground, and for the reasons stated, we are of opinion that the motion to reverse the judgment and award a new trial should be sustained.

The judgment of the trial court will therefore be reversed, and a new trial awarded.

ARMSTRONG and MATSON, JJ., concur.