EMMITT LONG v. STATE.

No. A-9330.   Nov. 12, 1937.

(73 P. 2d 491.)

Morrill & Snodgrass, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DOYLE, J.  Emmitt Long was convicted in the district court of Jackson county of the crime of transporting 24 gallons of whisky and six gallons of gin from a certain point in Jackson county to another point in the city of Altus, said county, second offense, having previously been convicted in the county court of Tillman county of the crime of transporting intoxicating liquor and sentenced to serve a term of 30 days in the county jail and to pay a fine of $50.  The jury fixed his punishment at confinement in the county jail for 30 days and a fine of $200. On November 12, 1936, an appeal bond was filed and approved by the clerk of said district court.

An appeal from the judgment rendered on the verdict was attempted to be taken by filing in this court a petition in error with what purports to be transcript of the record and case-made attached.

The Attorney General on October 21, 1937, filed a motion to dismiss the appeal herein, on grounds as follows:

"1.  The purported case-made and record was not certified by the court clerk of Jackson county.

"2.  Said purported record and case-made was not signed and settled by the trial judge.

"3.  Said purported record and case-made was not filed in the office of the court clerk of said county.

"For the reasons above stated said purported record and case-made is a nullity and said appeal should be dismissed.  Lyde v. State, 17 Okla. Cr. 365, 187 Pac. 252; Watt v. State, 16 Okla. Cr. 352, 183 Pac. 512; Shawler v. State, 5 Okla. Cr. 667, 115 Pac. 604; Duval v. State, 6 Okla. Cr. 605, 115 Pac. 1024; Cook v. State, 3 Okla. Cr. 426, 106 Pac. 558.

"The record shows that the defendant was sentenced on November 12, 1936, at which time defendant was

granted 60 days extension of time in which to make and serve case-made. He subsequently secured two extensions of 60 days each making a total of 180 days though the record is a short one, only requiring 80 pages. The last order of extension was filed three days after the expiration of the time previously granted though dated as of the last day. The purported record was filed in this court on May 11, 1937, just one day before the expiration of the six months period. No brief was filed until more than five months later and was then served upon the county attorney instead of the Attorney General."

No response to the motion to dismiss has been filed.

An appeal to this court may be taken by the defendant as a matter of right from any judgment rendered against him; but the manner of taking and perfecting such appeal is a proper matter for legislative control, and the appeal must be taken in the manner prescribed by law. Section 3189, St. 1931 (22 Okla. St. Ann. § 1051).

The statute authorizes two methods by which an appeal may be taken to this court: First, after due notices by filing in this court a case-made with a petition in error attached. Section 3193 (22 Okla. St. Ann. § 1055). Second, by filing a transcript of the record duly certified, with the petition in error attached. Sections 3197, 3198 (22 Okla. St. Ann. §§ 1059, 1060).

Section 3197, Procedure Criminal (22 Okla. St. Ann. § 1059), provides:

"In all criminal cases appealable to the Criminal Court of Appeals, the appellant may prepare, and it shall be the duty of the court to provide for the preparation and settling of a case-made in all respects as in civil cases, and the case-made so settled, served and filed in the trial court may be sent to the appellate court in lieu of all other records or bills of exception; or the proceeding in the appellate court may be as provided in the next section."

An examination of the record shows that the motion of the Attorney General to dismiss is well taken.

The purported case-made filed in this case discloses that the trial judge did not settle, sign, or certify the same, and the same was not filed in the court below.

In Watt v. State, 16 Okla. Cr. 352, 183 Pac. 512, this court held that:

"A purported case-made, not signed and certified by the trial judge within the time limited by the statute for filing it in this court, is a nullity."

It also appears there is no certificate of the clerk of the court to a transcript of the record.

In Altizer v. State, 59 Okla. Cr. 456, 6 P. 2d 812, we said an appeal to this court by filing transcript of record' with petition in error attached will be dismissed if transcript of the record is not properly certified by the clerk of the court.

Upon the record before us, and for the reasons stated, we are of the opinion that this court has never acquired jurisdiction of this appeal.

It follows that this court is without jurisdiction to consider this attempted appeal, either as upon a case-made or a transcript of the record.

The attempted appeal in this case is therefore dismissed, and the cause remanded to the district court of Jackson county, with direction to enforce the judgment and sentence.

DAVENPORT, P. J., and BAREFOOT, J., concur.