B. E. DAVIS v. STATE.

No. A-9285.   Nov. 12, 1937.

(73 P. 2d 489.)

David Tant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The defendant, B. E. Davis, was by information jointly charged with A. F. Wolfe, alias Sims, with the crime of obtaining money under false pretense; was tried separately, convicted, and sentenced to imprisonment in the state penitentiary for a period of three years and a fine of $5,000. Motion for new trial was filed, considered, overruled, and defendant reserved an exception. From the judgment of the trial court the defendant lodged in this court what is designated and styled "case-made."

Section 3198, O. S. 1931 (22 Okla. St. Ann. § 1060), is as follows:

"Instead of the appeal hereinbefore provided for any party desiring to appeal to the Criminal Court of Appeals in any criminal case may proceed by case-made and petition in error in all respects and with all the rights, as provided in 'Procedure, Civil,' and the summons in error shall be served upon the Attorney-General, unless the same is waived as in other cases. Instead of the case-made plaintiff in error may attach to his petition in error a transcript of the proceedings of record in the trial court."

It is disclosed by the record that the defendant made no effort to appeal under the first provision of the statute providing for an appeal by petition in error with case-made attached. There is no signature of the judge attached to the purported record before this court, nor is there any certificate of the clerk. The record which purports to be the case-made fails to show it was ever filed in the office of the clerk of the district court of Kay

162

county, Okla., where the defendant was tried, as provided by section 3197, O. S. 1931 (22 Okla. St. Ann. § 1059).

This case was filed in this court on March 25, 1937; no brief has been filed by the plaintiff in error. The case was regularly assigned for hearing on September 28, 1937, at which time no one appeared to argue the case for plaintiff in error, and the case was submitted on the record. Since the submission of the case on the record no further action has been taken by the plaintiff in error, and no reason shown why a brief was not filed.

The purported record in this case cannot be treated as an appeal by transcript, for the reason that the same is not certified as required by law when an appeal is taken by filing a petition in error with transcript of the record attached in this court. Mathis v. State, 18 Okla. Cr. 199, 194 Pac. 278.

For the reason therefore that the record fails to show an appeal by case-made or by a duly certified transcript of the record attached to the petition in error, this appeal must be dismissed. Appeal ordered dismissed.

DOYLE and BAREFOOT, JJ., concur.