## JORDAN v. STATE.

No. A-11737. March 18, 1953.

(255 P. 2d 295.)

J. E. Jordan, Jr., pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, P. J. The plaintiff in error, J. E. Jordan, Jr., who will hereinafter be referred to as defendant, seeks a reversal of his conviction in the district court of Oklahoma county, case No. 29397, wherein he was charged by information with the crime of obtaining merchandise by means of a false and bogus check.

This court heretofore permitted to be filed without cost deposit an instrument designated: "Petition in error, statement of evidence from memory, and brief". The attempted appeal must fail.

(1) The defendant acting as his own counsel at trial, though he states that he filed a motion for new trial, the record before us fails to show that he obtained time within which to have case-made prepared or extensions of time, and the instruments were not filed in this court until the last day of the six month period in which the appeal could be perfected. No notice of appeal was given. We fail to find where any of the provisions of 22 O.S. 1951 §§ 1055 and 1059, governing the manner of taking an appeal, were complied with.

(2) The appeal is insufficient as an appeal by transcript, 22 O.S. 1951 § 1060, because it fails to contain a copy of the records in the case as required to be kept by the court clerk by section 977 of the same Title; and the record presented is not certified by the clerk. For such reasons, the attempted appeal is subject to dismissal. Davis v. State, 63 Okla. Cr. 160, 73 P. 2d 489; Long v. State, 63 Okla. Cr. 168, 73 P. 2d 491.

(3) The basis of complaint is (a) that the evidence did not substantiate a conviction or justify the punishment assessed of a term of seven years; and (b) that the defendant's guilt was not proven beyond a reasonable doubt Such being the case, even if the record before us was complete in all respects and should meet all the requirements of a transcript, still the errors complained of would require a consideration of the evidence taken at the trial, and such may not be considered where the appeal is by transcript. Sparks v. State, 72 Okla. Cr. 283, 115 P. 2d 277.

The defendant may have been convicted on hearsay evidence, as to the check stated to have been uttered in Oklahoma county on a bank in California, and charged to have been "bogus" or "hot", but the accused apparently chose to act as his own attorney rather than request the trial court to appoint an attorney to represent him, and we must answer, in the absence of a proper record to the contrary, that our conclusion must be that there was sufficient competent evidence to justify conviction and the assessment of the maximum punishment for the crime charged.

There are other errors in the attempted appeal not necessary to enumerate.

The attempted appeal is dismissed.

JONES and BRETT, JJ., concur.