**B. LOWREY, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A–12211.**

Criminal Court of Appeals of Oklahoma.

Nov. 23, 1955.

B. Lowrey, McAlester, pro se.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., J. Howard Edmondson, County Atty., and Robert D. Simms, Asst. County Atty., Tulsa County, Tulsa, for defendant in error.

POWELL, Judge.

The plaintiff in error, B. Lowrey, was charged by information filed in the district court of Tulsa County with the crime of lewd molestation of a minor, was tried before a jury, convicted, and his punishment fixed at five years confinement in the State Penitentiary.

■■■ Application was made to this court by the defendant to require Tulsa County to furnish, free of cost, a casemade to enable defendant to perfect an appeal. On hearing of the application, it was developed that District Judge Lewis C. Johnson had denied an appeal forma pauperis for the reason that no motion for new trial was ever filed, and no notice of intention to appeal was ever given, as required by Tit. 22 O.S.1951 § 1055. It further appeared that at trial defendant was represented by an attorney of his own choosing, and also that defendant's wife was regularly employed. Nevertheless, we did require Tulsa County to furnish this court with a transcript containing a copy of the information, all pleadings, minutes of the court, the court's instructions to the jury, the verdict, judgment and sentence, etc., but did not require a transcript of the evidence, as that could not be considered by reason of failure of counsel for the defendant to in open court give notice of appeal, and file a motion for new trial and give the lower court opportunity to consider any errors that counsel for accused might have claimed took place.

■■■ We have elected to treat defendant's "Application for an Appeal" as his petition in error. But in an appeal by transcript, errors which require an examination of the evidence taken at the trial will not be considered on appeal. Sparks v. State, 72 Okl.Cr. 283, 115 P.2d 277; Jordan v. State, 96 Okl.Cr. 343, 255 P.2d 295.

This court is required to take the record as made and presented and cannot supply what does not appear therein. Dowell v. State, 96 Okl.Cr. 62, 248 P.2d 256.

■■■ We have closely examined the record. We find the information sufficient. It apparently was filed under the provisions of Tit. 21 O.S.1951 § 1123. See amendment by 1955 Legislature, Laws 1955, p. 186.

■■■ We find nothing wrong with the instructions. We do note from the instructions that at trial defendant was shown to have had prior convictions for crime, but the court properly instructed the jury that such evidence was not admitted as tending to prove the guilt or innocence of the defendant of the specific offense charged, but was received to affect the weight and credit to be given defendant's testimony.

There was also a proper instruction covering drunkenness.

■■■ The transcript discloses that the trial court had jurisdiction of the person of the defendant and of the crime charged; that no fundamental error appears; and that defendant was represented by counsel of his own choosing, who failed to give notice of appeal or to perfect appeal for defendant.

The judgment and sentence is affirmed.

JONES, P. J., and BRETT, J., concur.