**James L. COOPER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–711.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1977.

Thomas W. Burns, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, James L. Cooper, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–76–2872, for the offense of Robbery By Force, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 791. His punishment was fixed at twenty (20) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the non-jury trial, the parties stipulated that if Bess Young were to testify, she would testify that on January 20, 1975, she lived at 1341 East 38th Place, Apartment D, Tulsa County, Oklahoma; and that some time after 9:00 p. m. she was awakened by a black male wearing a ski mask. He took her into the living room and commenced beating her. He demanded money and tied her into a chair. He removed the rings from her finger and ransacked the house looking for money.

The parties next stipulated that if Larry Johnson was called as a witness, he would testify that he was a senior investigator for the Tulsa Police Department. On February 1, 1975, he took a statement from the defendant. Prior to taking the statement, he advised defendant of his Constitutional rights. Defendant affirmatively acknowledged that he understood his rights and gave a written statement, State's Exhibit No. 1, to Investigator Johnson.

The parties further stipulated that if defendant were to testify, he would testify that the statement was given only after

Investigator Johnson told him that if he did not confess to the robbery that additional charges would be filed against him.

The parties finally stipulated that Officer Johnson would deny that he threatened defendant with additional charges prior to taking the statement.

 Defendant asserts in the first assignment of error that the trial court erred in overruling the defense motion to suppress the statement ·given to Investigator Johnson. Defendant argues that the State failed to introduce sufficient evidence upon which the trial court could have based a finding that the statement was voluntary. We disagree. Investigator Johnson testified that the defendant was advised of his Constitutional rights prior to making the statement and that he affirmatively waived the same. The written statement which was introduced into evidence further reflects that defendant was properly informed of his Miranda rights. Defendant testified that he was coerced into making the statement by threats of Investigator Johnson to file additional charges against him. Investigator Johnson specifically denied such coercion. We thus conclude that the evidence, although conflicting, was sufficient to establish a basis on which the court could make a finding that the confession was voluntary. In dealing with a similar assignment of error in *Warren v. State*, Okl.Cr., 495 P.2d 837, we stated:

"In *Lambert v. State*, Okl.Cr., 471 P.2d 935, we stated in the Second Syllabus: 'When the evidence is taken outside the hearing of jury on a Motion to Suppress Incriminatory statements made by ·the accused while in custody and there is sufficient evidence to support the ruling of the trial court, defendant has been thoroughly advised of his Constitutional Rights prior to making any statement and knowingly and intelligently waive such rights and made incriminatory statements, the Courts ruling will not be disturbed on appeal.'

"We are of the opinion that there is sufficient evidence to support the ruling of the trial court in the instant case, and as such, the court's ruling will not be disturbed . . . ."

 Defendant contends in the final assignment of error that the trial court erred in allowing the State of Oklahoma to introduce more than one former conviction of a felony. We are of the opinion that this assignment of error is wholly without merit. We have repeatedly held that it is not improper to introduce more than one previous conviction to establish the after former accusation of an Information. See, *Buchanan v. State*, Okl.Cr., 483 P.2d 1180 (1971); *Knight v. State*, Okl.Cr., 502 P.2d 347 (1972); and *Scott v. State*, Okl.Cr., 510 P.2d 1008 (1973).

In conclusion, we observe the record is free of any error which would cause reversal or justify modification. The judgment and sentence is accordingly *AFFIRMED*.

BLISS and BRETT, JJ., concur.