2014 OK CR 2

**Maximino Manuel SOTO, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. M–2012–1095.

Court of Criminal Appeals of Oklahoma.

March 27, 2014.

1. This is the seventh proceeding filed by the petitioner in the Court and the Oklahoma Court

An Appeal from the District Court of Beaver County; the Honorable Ryan D. Reddick, Associate District Judge.

Daniel H. Diepenbrock, Attorney at Law, Liberal, KS, for Appellant at trial and appeal.

Abby M. Cash, Assistant District Attorney, Beaver, OK, for the State at trial.

E. Scott Pruitt, Attorney General of Oklahoma, Jennifer B. Miller, Assistant Attorney General, Oklahoma City, OK, for the State on appeal.

*OPINION*

A. JOHNSON, Judge.

¶ 1 Appellant Maximino Manuel Soto appeals from his misdemeanor Judgment and Sentence imposed by the Honorable Ryan D.

of Criminal Appeals.

Reddick, Associate District Judge, in Case No. TR–2012–376 in the District Court of Beaver County. Soto was convicted in a non-jury trial of Overweight Vehicle in violation of 47 O.S.2011, § 14–109, and was sentenced to a fine of $290.00 and costs and fees of $206.50.

### FACTS

¶ 2 On May 17, 2012, Soto was driving a refuse collection vehicle for his employer, Seward County Waste Management Services. That company contracts with cities in the Oklahoma panhandle to collect refuse from residences and businesses and haul it to a landfill in Seward County, Kansas. Soto was stopped by an Oklahoma Highway Patrol trooper on U.S. Highway 83 in Beaver County, Oklahoma. The trooper's observation of the vehicle's tires had led him to believe it might exceed the allowable weight set by 47 O.S.2011, § 14–109. Weighing of the truck confirmed it was overweight.

¶ 3 On appeal Soto argues, as he did below, that the vehicle weight limitations of Section 14–109 did not apply to his truck because it was a "refuse collection vehicle" and so falls within an exception to that statute providing:

E. Exceptions to this section will be:

1. Utility or refuse collection vehicles used by counties, cities, or towns or by private companies contracted by counties, cities, or towns if the following conditions are met:

a. calculation of weight for a utility or refuse collection vehicle shall be "Gross Vehicle Weight". The "Gross Vehicle Weight" of a utility or refuse collection vehicle may not exceed the otherwise applicable weight by more than fifteen percent (15%). The weight on individual axles must not exceed the manufacturer's component rating which includes axle, suspension, wheels, rims, brakes, and tires as shown on the vehicle certification label or tag, and

b. utility or refuse collection vehicles operated under these exceptions will not be allowed to operate on interstate highways.

¶ 4 The State does not deny Soto's truck was a "refuse collection vehicle" within the meaning of the statutory exception, but argues the truck did not qualify for that exception because its owner had not purchased an overload permit pursuant to Section 14–109(G):

G. Utility or refuse collection vehicles, vehicles transporting timber, pulpwood, and chips in their natural state, vehicles transporting oil field equipment or equipment used in oil and gas well drilling or exploration, vehicles transporting rock, sand, gravel, coal, and flour and vehicles transporting grain, operating under exceptions shall purchase an annual special overload permit for One Hundred Dollars ($100.00)....

¶ 5 The single issue raised here is one of statutory construction: Does a truck owner qualify for the exemption provided in subsection E without having purchased the special overload permit required by subsection G?

¶ 6 We answer that question in the negative and affirm Soto's conviction and the fine imposed.

¶ 7 The fundamental rule of statutory construction is to ascertain and give effect to the intention of the Legislature as expressed in the statute. *State v. Anderson,* 1998 OK CR 67, ¶ 3, 972 P.2d 32, 33. Statutes are to be construed according to the plain and ordinary meaning of their language. *Wallace v. State,* 1997 OK CR 18, ¶ 4, 935 P.2d 366, 369–70.

¶ 8 Judge Reddick did not err in interpreting 47 O.S.2011, § 14–109. The Legislature obviously intended, and the plain language of the statute states, that subsection E is providing an "exception" to Section 14–109 weight limits for refuse collection vehicles. 47 O.S.2011, § 14–109(E). The Legislature obviously intended, and the plain language of subsection G states, that refuse collection vehicles "operating under exceptions" shall purchase an annual special overload permit for $100.00. 47 O.S.2011, § 14–109(G).

### DECISION

¶ 9 The Judgment and Sentence of the District Court of Beaver County in Case No.

TR–2012–376 is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2014), the **MANDATE** is **ORDERED** issued upon the filing of this decision.

LEWIS, P.J., SMITH, V.P.J., LUMPKIN and C. JOHNSON, JJ.: concur.