DETAR v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:DETAR v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 DETAR v. STATE
2021 OK CR 9
489 P.3d 70
Case Number: F-2019-351
Decided: 04/22/2021
JUSTIN CECIL DETAR, Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2021 OK CR 9, 489 P.3d 70

 

 

OPINION

KUEHN, PRESIDING JUDGE:

¶1 Appellant, Justin Cecil Detar, was convicted by a jury of lewd or indecent proposals to a child under sixteen, after conviction of two or more felonies, in Tulsa County District Court Case No. CF-2015-4675. The Honorable Dawn Moody, District Judge, sentenced him to twenty-five years imprisonment in accordance with the jury's recommendation.[1] This appeal followed.

FACTS

¶2 Appellant was convicted of sending text messages to an eleven-year-old girl proposing that they meet and have sexual intercourse. Two of the victim's relatives saw suspicious communications from Appellant on the victim's smartphone. They responded to these messages pretending to be the intended victim. During the exchange, Appellant proposed to meet the victim, whom he believed to be underage, and have sexual intercourse. When Appellant showed up for the liaison, he was met by police. Appellant subsequently admitted sending messages to the victim's phone. Appellant did not testify at trial, and does not dispute the sufficiency of the evidence to convict him on appeal.

ANALYSIS

¶3 In Proposition 1, Appellant claims the trial court erred by instructing the jury that he must serve at least 85% of a sentence for lewd or indecent proposals to a child under sixteen before he could be considered for parole. Trial counsel objected to this instruction, preserving the question for appellate review. While jury instructions are generally within the broad discretion of the trial court, Tucker v. State, 2016 OK CR 29, ¶ 25, 395 P.3d 1, 8, we review questions of statutory interpretation de novo. Smith v. State, 2007 OK CR 16, ¶ 40, 157 P.3d 1155, 1169.

¶4 The basic purpose of statutory interpretation is to find and give effect to the intention of the Legislature. Gerhart v. State, 2015 OK CR 12, ¶ 14, 360 P.3d 1194, 1198. Legislative intent is primarily determined from the plain and ordinary language of the statute. Newlun v. State, 2015 OK CR 7, ¶ 8, 348 P.3d 209, 211. Statutes should be construed according to the fair import of their words, taken in their usual sense within the particular context, and with reference to the purpose of the law. Jordan v. State, 1988 OK CR 227, ¶ 4, 763 P.2d 130, 131.

¶5 The precise issue here is whether a lewd or indecent proposal, in violation of 21 O.S.Supp.2013, § 1123(A)(1), is a crime of "[l]ewd molestation of a child as defined in Section 1123" and thus subject to the 85% Rule, as the trial court instructed the jury. Section 1123(A)(1) makes it a felony for any person

to knowingly and intentionally . . . [m]ake any oral, written or electronically or computer-generated lewd or indecent proposal to any child under sixteen (16) years of age, or other individual the person believes to be a child under sixteen (16) years of age, for the child to have unlawful sexual relations or sexual intercourse with any person ...

The relevant version of the "85% Rule," codified at 21 O.S.Supp.2014, § 13.1(18),[2] provided (with emphasis added):

Persons convicted of . . . Lewd molestation of a child as defined in Section 1123 of this title . . . shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole.

The State argues that a lewd or indecent proposal is an 85% crime, citing a cursory footnote reference in Barnard v. State, 2012 OK CR 15, ¶ 1 n.1, 290 P.3d 759, 761, n.1.[3] Appellant argues that criminal statutes must be strictly construed against the State, and takes the position that a proposal to commit lewd acts with a minor is not -- absent express legislative text to the contrary -- the same as "lewd molestation."

¶6 The crux of the problem here is that, despite what 21 O.S. § 13.1 says, the term "lewd molestation" is not defined in Section 1123, or anywhere else in the Oklahoma Statutes for that matter. Since it was enacted in 1945, Section 1123 has proscribed a broad range of conduct -- including not just the physical touching of a minor, but also proposals to a minor for such purposes, and even "look[ing] upon" a minor in a lewd or lascivious manner. This Court's use of the term "lewd molestation" in published opinions can be traced back as early as 1955. Lowrey v. State, 1955 OK CR 131, ¶¶ 1, 5, 290 P.2d 785 (describing a defendant's crime as lewd molestation, but providing no details as to exactly what the conduct was). Since then, the term continues to be used to refer generically to crimes against children listed in Section 1123. See e.g. Munn v. State, 1969 OK CR 245, ¶¶ 10-13, 459 P.2d 628, 631-32, where this Court rejected a defendant's claim that driving a child to a secluded place and asking her to disrobe, at which point she fled, was insufficient to constitute "lewd molestation."[4]

 

¶7 Over the years, the list of crimes against children covered by Section 1123 has been expanded somewhat. (The statute now also covers other conduct, such as sexual battery against victims who are at least sixteen years of age, and various acts with human corpses.) But the fact remains that all proscribed conduct involving children appears in a single section of law (see now, Paragraph A of Section 1123), without any clear attempt to differentiate in terms of severity of punishment between, say, actions and words. The crime of lewdly looking upon a minor is, and always has been, found in the very same clause or subsection that proscribes lewdly touching one. Compare 21 O.S.Supp.1945, § 1123 with 21 O.S.Supp.2013, § 1123(A)(2).[5] While it might make sense to distinguish, for punishment purposes, between (1) lewdly touching a minor, (2) proposing lewd acts to a minor, and (3) merely looking at a minor in a lewd fashion, the Legislature has not clearly done so.[6]

 

¶8 Section 1123 has always considered a perpetrator equally culpable, whether the conduct involved actual sex acts with a child, or merely proposing same to the child. Attempts to distinguish, for punishment purposes, between mere proposals and consummated acts are not supported by the statutory text. Returning to the language of the 85% Rule, we believe that when the Legislature applied the Rule to those convicted of "[l]ewd molestation of a child as defined in Section 1123 of this title," it intended to include all sex crimes against children that are mentioned therein. The trial court's instruction was not error. Proposition 1 is therefore denied.

 

¶9 In Proposition 2, Appellant challenges the admission of an exhibit containing his text messages with a person he believed to be the underage victim, as well as other messages. Since he timely objected to this evidence, we review the trial court's ruling for an abuse of discretion. Marshall v. State, 2010 OK CR 8, ¶ 24, 232 P.3d 467, 474. An abuse of discretion is a clearly erroneous conclusion or judgment, one that is contrary to the logic and effect of the facts presented. Pullen v. State, 2016 OK CR 18, ¶ 4, 387 P.3d 922, 925.

¶10 Appellant argues that the exhibit in question was not properly authenticated. See 12 O.S.2011, § 2602 (requiring personal knowledge of a matter by a witness) and § 2901 (requiring authentication of evidence by testimony that the exhibit is what the proponent claims it to be). We disagree. The exhibit was authenticated by two different witnesses. A relative of the victim authenticated the messages she saw and sent while pretending to be the victim, and a detective identified other information as what he found on the victim's Facebook page. Moreover, Appellant does not deny authorship of the messages attributed to him. The trial court's ruling was not an abuse of discretion. Proposition 2 is denied.

¶11 Appellant argues in Proposition 3 that the trial court erred in omitting to instruct the jury on mandatory sex-offender registration requirements. Because Appellant withdrew his request for such an instruction in the face of the State's objection, our review is limited to plain error. Newman v. State, 2020 OK CR 14, ¶ 13, 466 P.3d 574, 581. Appellant must show that a plain or obvious error affected the outcome of the trial. This Court will remedy plain error only when it seriously affects the fairness, integrity or public reputation of the proceedings or otherwise results in a miscarriage of justice. Duclos v. State, 2017 OK CR 8, ¶ 5, 400 P.3d 781, 783. In Reed v. State, 2016 OK CR 10, ¶ 19, 373 P.3d 118, 123, we held that trial courts have no duty to instruct juries on the registration requirements for those convicted of certain sex crimes. The trial court's ruling was consistent with Reed. There was no plain error here. Proposition 3 is denied.

¶12 In Proposition 4, Appellant claims the trial court improperly admitted evidence of his prior conviction for accessory to murder during the punishment stage of the trial. Because he timely objected below, we review the trial court's ruling for an abuse of discretion. Appellant claims this third felony conviction was unnecessary for the State to reach the "20 to life" punishment range. We have held that the State is entitled to introduce more prior convictions than are strictly necessary for sentence enhancement. Cooper v. State, 1977 OK CR 67, ¶ 7, 560 P.2d 1018, 1019. Appellant claims the nature of this particular conviction was unfairly prejudicial, but the light sentence recommended by the jury does not support that argument. We find no abuse of discretion here. Proposition 4 is denied.

¶13 In Proposition 5, Appellant claims prosecutorial misconduct denied him a fair trial. The parties enjoy wide latitude to argue the evidence and reasonable inferences therefrom. Lamar v. State, 2018 OK CR 8, ¶ 54, 419 P.3d 283, 297. Claims of misconduct are analyzed within the larger trial context, considering the propriety of the challenged comments, the strength of the evidence, and any corresponding arguments of defense counsel. Lee v. State, 2018 OK CR 14, ¶ 6, 422 P.3d 782, 785. Misconduct will require relief only when it has deprived the defendant of a fundamentally fair trial. Bramlett v. State, 2018 OK CR 19, ¶ 36, 422 P.3d 788, 800. We find the challenged comments here were proper responses to issues raised by defense counsel, and did not result in fundamental unfairness. Proposition 5 is denied.

¶14 In Proposition 6, Appellant claims that his trial counsel rendered ineffective assistance by (1) failing to "mitigate" evidence of prior convictions "by advising the jury that Appellant had received a suspended sentence," and (2) failing to request an instruction on the obligation to register as a sex offender. To prevail, Appellant must show both that counsel's performance was deficient and that the performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Reviewing under the Strickland standard, we find trial counsel's strategic decisions not to emphasize a suspended sentence, and not to request an instruction disapproved by current law, did not result in deficient performance or prejudice. As noted above, Appellant received the minimum sentence available, and any request for an instruction on sex-offender registration would properly have been overruled. Proposition 6 is therefore denied.

¶15 Finally, in Proposition 7, Appellant claims the accumulation of error in this case deprived him of a fair trial and due process of law. As we have found no error in the preceding propositions, there is no error to accumulate. Engles v. State, 2015 OK CR 17, ¶ 13, 366 P.3d 311, 315. Proposition 7 is denied.

DECISION

¶16 The Judgment and Sentence of the District Court of Tulsa County is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2021), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE DAWN MOODY, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 SOFIA JOHNSON
 CHRISTINE MESCHER
 423 S. BOULDER AVE., STE. 300
 TULSA, OK 74103
 ATTORNEYS FOR DEFENDANT
 
 
 ADAM BARNETT
 423 S. BOULDER AVE., STE. 300
 TULSA, OK 74103
 ATTORNEY FOR APPELLANT
 
 
 
 
 AMY FALTISKO
 ASST. DISTRICT ATTORNEY
 500 S. DENVER
 TULSA, OK 74103
 ATTORNEY FOR THE STATE
 
 
 MIKE HUNTER
 ATTORNEY GENERAL
 JENNIFER L. CRABB
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 ATTORNEYS FOR APPELLEE
 
 
 

 

OPINION BY: KUEHN, P.J.

ROWLAND, V.P.J.: CONCUR IN PART/DISSENT IN PART
LUMPKIN, J.: CONCUR
LEWIS, J.: CONCUR IN PART/DISSENT IN PART
HUDSON, J.: CONCUR

FOOTNOTES

[1] The jury was instructed that Appellant must serve 85% of his sentence before he is eligible for parole consideration. See 21 O.S.Supp.2014, § 13.1(18). The application of this provision to the current offense is disputed in this appeal. 

[2] The current version of this statute, last amended in 2015, is the same for purposes of our analysis of this question.

[3] "Making Lewd or Indecent Proposals to a Child in violation of 21 O.S.Supp.2006, § 1123(A)(1), is a crime that is subject to the 85% limit on parole eligibility set out in 21 O.S.Supp.2002, § 13.1. Barnard's jury was so instructed." Id.

[4] The Legislature, too, has employed the term as a technically imprecise shorthand for all crimes described in Section 1123. See e.g. 10A O.S.Supp.2015, § 1-4-904(B)(8)(c); 10A O.S.Supp.2018, § 2-5-206(A)(9).

[5] The original version of Section 1123 consisted of one long sentence punctuated into clauses. Insofar as it constituted a list of prescribed conduct, the text did not suggest that looking at a minor in a lewd manner, or proposing sexual relations to a minor, should be treated any differently than actually touching a minor with the same intent:

Any adult male person who shall knowingly and intentionally make any oral or written lewd or indecent proposal to any female child [under 14] for such child to have unlawful sexual relations, or sexual intercourse with him or any other person; or any such adult male person who shall intentionally and designedly look upon, touch, maul or feel of the body or private parts of any female child [under 14] in any lewd, or lascivious manner by any acts of him not amounting to the commission of the crime of rape, or any assult [sic] with intent to commit rape or an attempted rape, as may now be defined by the laws of Oklahoma; or any such adult male person who shall designedly ask, invite, entice or persuade any female child [under 14] to go alone with him or any other persons to any secluded, remote or secrete [sic] place, with the unlawful and wilful intent and purpose of him, then and there, to have unlawful sexual intercourse with such child or to in any manner lewdly or lasciviously look upon, touch, maul or feel the private person or the private parts of such child in any indecent manner, or in any manner relating to sex matters or sex interest, shall be deemed guilty of a misdemeanor[.]

21 O.S.Supp.1945, § 1123 (emphasis added).

[6] The only clear punishment distinction made in the current version of Section 1123(A) involves not the defendant's conduct, but the age of the victim. The current text does contain rather opaque language concerning the punishment of sex-offender recidivists, see Throneberry v. State, No. F-2017-963 (Okl.Cr. Jan. 16, 2020) (unpublished), but that language does not apply to Appellant's situation.

 

 

ROWLAND, VICE PRESIDING JUDGE, CONCURRING IN PART/DISSENTING IN PART

¶1 I concur in affirming Detar's conviction and sentence but I dissent to the majority's holding that the 85% Rule of 21 O.S.Supp.2014, § 13.1 applies to all crimes included within 21 O.S.Supp.2013, § 1123(A). While I agree that making all Section 1123(A) offenses subject to the 85% Rule might be good public policy for the Legislature to consider, I simply cannot interpret the current text of these statutes to reach that result. This Court has long held that "[t]he fundamental rule of statutory construction is to ascertain and give effect to the intention of the Legislature as expressed in the statute." State v. Green, 2020 OK CR 18, ¶ 5, 474 P.3d 886, 888 (quoting Soto v. State, 2014 OK CR 2, ¶ 7, 326 P.3d 526, 527). Additionally, we construe statutes according to the plain and ordinary meaning of their language. Id. The majority's ruling in this case runs afoul of these rules.

¶2 The majority opinion does an excellent job of setting up the problem here, which is that in Section 13.1(18), the 85% Rule applies to persons convicted of "[l]ewd molestation of a child as defined in Section 1123 of this title", but that term is not defined nor even mentioned in Section 1123. Section 1123(A) criminalizes a wide range of sexual acts. It applies to various lewd or lascivious acts at paragraphs (A)(2), (4), and (5), and to certain lewd or indecent proposals, invitations, or enticements to a child under sixteen years of age for the purpose of committing a sexual crime upon the child at paragraphs (A)(1) and (3). Thus, our task is to determine whether the "lewd molestation" covered by the 85% Rule includes all of Section 1123(A), or only a portion of those crimes.

¶3 The majority concludes that because the crimes are all found in the same subsection and historically carried the same punishment, when the Legislature applied the 85% Rule in Section 13.1(18) to "lewd molestation", it intended that it apply to all crimes included within Section 1123(A). In other words, the majority reads the reference to "Lewd molestation of a child as defined in Section 1123 of this title" as if it says "all crimes against a child listed in Section 1123(A)." The problem with this reading of that passage is that when the Legislature intends for the 85% Rule to cover all crimes in a given statutory section, it does so clearly and explicitly. For example, in Section 13.1(5) all shooting, assault, or battery crimes listed in 21 O.S.2011, § 652 are specifically enumerated as covered by the 85% Rule. Similarly, but more succinctly, Section 13.1(14) applies to "[a]ny crime against a child provided for in Section 843.5 of this title . . . ." Section 843.5 contains a plethora of crimes involving abuse, neglect, exploitation, or sexual abuse of a child. Conversely, as noted above, Section 13.1(18) does not list all specific acts contained within Section 1123(A), nor does it specifically state that it applies to any crime against a child provided for in Section 1123(A). Rather, it refers to "molestation" which I believe means the crimes involving acts, but not proposals, set forth in Section 1123(A).

¶4 This interpretation of Section 1123(A) is bolstered by the applicable Uniform Jury Instruction, 4-129, the title of which reads, "Section OUJI-CR 4-129 - [Lewd Acts (Molestation) with]/[Indecent Proposals to] a Child Under Sixteen -- Elements". Note the parenthetical explanation of lewd acts as molestation, and the absence of that parenthetical with indecent proposals. The opening sentence of this instruction similarly distinguishes between acts and proposals. Thus, I conclude that Section 1123(A) contains crimes of lewd acts and lewd proposals, and that only the former are subject to the 85% Rule pursuant to Section 13.1(18). Given today's ruling to the contrary, this Court should cause OUJI-CR 4-129 to be amended to either remove the term molestation, or at the least remove it from being bracketed with lewd acts and make clear that the term molestation is a general term applying to all of Section 1123(A).

¶5 Even though Detar's jury was erroneously instructed that his crimes were subject to the 85% Rule, I find the error did not prejudice him and quite likely benefitted him and thus any error was harmless.

 

 

LEWIS, J., CONCURRING IN PART AND DISSENTING IN PART:

¶1 I concur in affirming the judgment and sentence, as I find no reversible error occurred. I respectfully dissent from the majority's conclusion that current law makes Appellant's sentence for lewd or indecent proposals subject to the "85% Rule" codified at 21 O.S.Supp.2014, § 13.1.

¶2 The majority chooses convenience over coherence when it steers clear of some "rather opaque" language in section 1123(A) and simply ignores the effects of this language and other statutes in deriving a statutory definition of lewd molestation.

¶3 Today's opinion concludes that the Legislature just got it wrong in section 13.1 when it failed to realize that lewd molestation "is not defined" in section 1123(A). But a careful examination of the entire sentencing scheme for these offenses sensibly defines "lewd molestation" as that phrase should be applied to the 85% Rule.

¶4 The majority correctly notes that the words "lewd molestation" do not even appear in the text of section 1123(A). How could this provision then "define" the phrase for purposes of its application to section 13.1? The answer involves the enhanced penalty provisions of section 1123(A), which provide in relevant part that:

Except as provided in Section 51.1a of this title, any person convicted of a second or subsequent violation of this subsection shall be guilty of a felony punishable as provided in this subsection and shall not be eligible for probation, suspended or deferred sentence. Except as provided in Section 51.1a of this title, any person convicted of a third or subsequent violation of this subsection shall be guilty of a felony punishable by imprisonment in the custody of the Department of Corrections for a term of life or life without parole. . . Any person convicted of a violation of this subsection after having been twice convicted of a violation of subsection A of Section 1114 of this title, Section 888 of this title, sexual abuse of a child pursuant to Section 843.5 of this title, or of any attempt to commit any of these offenses or any combination of convictions pursuant to these sections shall be punished by imprisonment in the custody of the Department of Corrections for a term of life or life without parole (emphasis added).

¶5 The exceptions to the penalties established in section 1123(A) in emphasis above direct the reader to section 51.1a of Title 21, which provides:

Any person convicted of rape in the first degree, forcible sodomy, lewd molestation or sexual abuse of a child after having been convicted of either rape in the first degree, forcible sodomy, lewd molestation or sexual abuse of a child shall be sentenced to life without parole. (Emphasis added).

These 51.1a exceptions to the penalties in section 1123(A) logically yield a definition of lewd molestation with relevance to the proper application of the 85% Rule.

¶6 Contrary to today's decision, the Court recently, and correctly in my view, held in an unpublished opinion that not every criminal violation of section 1123(A) is a lewd molestation.[1] The Court reasoned there that section 51.1a's mandatory life without parole for "lewd molestation" applied when the "current and prior convictions are both for the lewd and/or indecent acts proscribed by section 1123(A)(as opposed to the lewd and/or indecent proposals also proscribed by section 1123(A))(emphasis added)."[2]

¶7 In sum, the definition of lewd molestation in section 1123(A) arises from the different enhanced penalties for lewd or indecent physical acts, i.e., crimes committed more directly against the persons or in the immediate presence of children (subsections 1123(A)(2), (A)(4) and (A)(5)); and lewd or indecent communications--the "proposals" and "enticements" in subsections (A)(1) and (A)(3).

¶8 Considering sections 51.1a and 1123(A) together, lewd or indecent proposals are not subject to the mandatory life without parole exception of section 51.1a because they are not crimes of lewd molestation under current law. As crimes excluded from the definition of lewd molestation in section 1123(A), they also are not subject to the 85% Rule.

¶9 The error of instructing the jury on the 85% Rule here was obviously harmless. Appellant faced twenty years to life for this felony (his fourth, and a sex offense to boot). He was sentenced to only five years more than the minimum, and probably benefited from the trial court telling jurors that he would serve at least 85% of his sentence. No relief is required.

FOOTNOTES

[1] Throneberry v. State, No. F-2017-963 (Okl.Cr. Jan. 16, 2020)(Unpublished).

[2] Throneberry, slip. op. at 13. I specially concurred in Throneberry, because I doubted the majority's conclusion that section 1123(A)'s penalty provisions were "irreconcilable" with section 51.1a or other statutes. I proposed there that these statutes establish a matrix of harsh penalties for convicted felons who later commit sexual offenses, and even harsher penalties for sex offenders who re-offend (the latter in section 51.1a and in the final sentence of section 1123(A)). The analysis in my writing in Throneberry (which I commend to readers but will not repeat here) impels my conclusion that "lewd molestation" and lewd or indecent proposals are not the same thing under a logically integrated interpretation of sections 13.1, 51.1, 51.1a, and 1123(A).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1977 OK CR 67, 560 P.2d 1018, COOPER v. STATE
Discussed
 1988 OK CR 227, 763 P.2d 130, JORDAN v. STATE
Discussed
 2007 OK CR 16, 157 P.3d 1155, SMITH v. STATE
Discussed
 2010 OK CR 8, 232 P.3d 467, MARSHALL v. STATE
Discussed
 2012 OK CR 15, 290 P.3d 759, BARNARD v. STATE
Discussed
 2014 OK CR 2, 326 P.3d 526, SOTO v. STATE
Discussed
 2015 OK CR 7, 348 P.3d 209, NEWLUN v. STATE
Discussed
 2015 OK CR 12, 360 P.3d 1194, GERHART v. STATE
Discussed
 2015 OK CR 17, 366 P.3d 311, ENGLES v. STATE
Discussed
 2016 OK CR 10, 373 P.3d 118, REED v. STATE
Discussed
 2016 OK CR 18, 387 P.3d 922, PULLEN v. STATE
Discussed
 2016 OK CR 29, 395 P.3d 1, TUCKER v. STATE
Discussed
 2017 OK CR 8, 400 P.3d 781, DUCLOS v. STATE
Discussed
 2018 OK CR 8, 419 P.3d 283, LAMAR v. STATE
Discussed
 2018 OK CR 14, 422 P.3d 782, LEE v. STATE
Discussed
 2018 OK CR 19, 422 P.3d 788, BRAMLETT v. STATE
Discussed
 2020 OK CR 14, 466 P.3d 574, NEWMAN v. STATE
Discussed
 2020 OK CR 18, 474 P.3d 886, STATE v. GREEN
Discussed
 1955 OK CR 131, 290 P.2d 785, LOWREY v. STATE
Discussed
 1969 OK CR 245, 459 P.2d 628, MUNN v. STATE
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2602, Lack of Personal Knowledge
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses Specified
Discussed at Length
 21 O.S. 652, Shooting with Intent to Kill - Assault and Battery with Deadly Weapon, etc.
Cited
 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA