## FRANK BLACKBURN v. STATE.

No. A-1236.   Opinion Filed July 20, 1912.

(124 Pac. 1111.)

1.  **OBSCENITY—Evidence—Sufficiency.** For evidence which did not warrant a verdict of guilty for using obscene language in the presence of females, see opinion.

2.  **EVIDENCE—Identification.** Before a witness can be permitted to identify another person by his voice, he must testify that he has heard such person speak, and knows the voice of the party so identified.

(Syllabus by the Court.)

*Appeal from Pottawatomie County Court;*
*Ross F. Lockridge, Judge.*

Frank Blackburn was convicted of using improper language in the presence of females, and appeals.   Reversed and remanded.

*J. T. Williams,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   Appellant was prosecuted for having uttered and spoken obscene language in the presence of Mrs. Alex Shipley, in Pottawatomie county, Okla., on the night of the 5th day of September, 1910.   The specific language alleged to have been used is set out in the information, but it is of too vile a nature to be reproduced here.

This prosecution was ·instituted under section 2056, Comp. Laws, 1909, which is as follows:

"If any person shall utter or speak any obscene or lascivious language or word in any public place, or in the presence of females, or in the presence of children under ten years of age, he shall be deemed guilty of a misdemeanor, and upon conviction therefor before any justice of the peace of this state, he shall be liable to a fine of not more than one hundred dollars, or imprisonment for not more than thirty days, or both, at the discretion of said justice."

The evidence discloses the fact that the appellant, in company with three other young men, viz., Joe Cline, John Newport, and Lex Sane, on the night of September 5, 1910, were traveling on the public road, going from the city of Shawnee to their homes in Pottawatomie county, and that while so doing they passed near the house of Mr. Alex Shipley, when some one of them used the language charged in this prosecution, within the hearing of Mr. and Mrs. Alex Shipley, who were sitting on their front porch about three rods from the public road. As the information states the exact language alleged to have been used, and states the female in whose presence it was spoken, the state is confined in its proof to the specific charges therein under the statute.

Alex Shipley testified that he lived two and one-half miles west of Shawnee, in Pottawatomie county; that on the night of the 5th day of September, 1910, in company with his wife, he was sitting on his front porch; that the public road ran right in front of his house; that four men passed this road on horseback, two riding one horse, the other two riding one horse each; that these men were making a lot of racket, one of them was preaching and others were calling on persons to join the church; that one of them said, "Come on boys and hush, and let's go home," and one of them replied, using the language set out in the information; that witness and his wife were sitting on the porch about three rods from the road; that witness could not recognize either one of the parties on horseback passing his house. Witness was asked this question:

"I will ask you, Mr. Shipley, if in your judgment whether you noticed the voice of the man using that obscene language as to it being Frank Blackburn? A. Yes, sir; it was Frank Blackburn to the best of my knowledge."

On cross-examination he testified he could not say that this was true, except it was his best judgment. There was no dispute as to the use of the language as testified to by the witness Shipley.

Joe Cline testified on behalf of the defendant that he was one of the boys who passed the house of the state's witness Shipley on the night of the 5th day of September, 1910. This witness corroborated the statement of Alex Shipley as to the conduct of the young men when passing his house. He swore that the specific language complained of was used by John Newport. He acknowledged his participation in the disorderly conduct complained of, and stated he had pleaded guilty and paid a fine of $63.60 on account of his conduct, and that John Newport had left the country, and had not been seen since. He denied that appellant used the language attributed to him. He testified that he and John Newport were the only persons who were drinking and conducting themselves in a disorderly manner, and that the witness and said John Newport were the men who made the disturbance, and that appellant had taken no part in it.

Appellant testified that he was seventeen years old, and was present on the occasion referred to. He denied using the language attributed to him, or that he took part in the disturbance, except that he tried to keep the boys quiet.

It is not necessary to discuss the questions of law raised in this case, as we think upon the whole testimony the verdict. is contrary to the evidence.

Testimony identifying the voice or handwriting of another is necessarily a matter of opinion. While it is permitted by law, yet it should not be received, unless the witness first states facts which qualify him to form and express a reasonably reliable opinion. In the case before us the state's witness Shipley did not state any facts which would qualify him to swear to the voice of appellant. He did not state that he had ever heard appellant speak, or that appellant's voice possessed any peculiarities or characteristics by means of which it could be identified. In fact, the witness himself was by no means certain as to the identity of

appellant.   His testimony on this question is therefore not suffi-
·cient to support the verdict, in view of the testimony offered by
·appellant, and which appears to be entirely reliable.   This case
reminds us of the story of old dog Tray, who was innocent, but
who was condemned and severely beaten for being caught in bad
·company.   That Joe Cline and John Newport were guilty and
should be severely punished there is no question.

The judgment of the lower court is reversed, and the cause
·is remanded.

ARMSTRONG and DOYLE, JJ., concur.