FILED
United States Court of Appeals
Tenth Circuit

September 5, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RADFORD MAYBERY,

        Petitioner - Appellant,

v.

ROBERT PATTON, Director,

        Respondent - Appellee.

No. 14-5032
(D.C. No. 4:11-CV-00166-GKF-PJC)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Radford Maybery, a state prisoner in Oklahoma, filed a petition pro se under 28 U.S.C. § 2254 seeking habeas corpus relief. A jury convicted Maybery of first-degree murder, taking a debit card, and identity theft. The state trial court sentenced Maybery to life without parole and two ten-year terms of imprisonment, to be served consecutively. The Oklahoma Court of Criminal Appeals affirmed Maybery's convictions on direct appeal, and the district court denied his habeas petition. Maybery appeals and seeks a certificate of appealability (COA) from us to undo that decision.[1] We may issue a COA

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

[1] A COA is a jurisdictional prerequisite to this court's review of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A).

only if the petitioner makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2). To make that showing, a petitioner must demonstrate that reasonable jurists could debate whether his petition should have been resolved differently. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Even viewing his pleadings generously, *see United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), we do not believe that Maybery gives us cause to debate the correctness of the district court's analysis. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we DENY his request for a COA and DISMISS this appeal.

## BACKGROUND

In August 2005, Maybery entered a cab driver's apartment across the street from his aunt's house. He killed the cab driver and took his debit card and cab keys. The next day, Maybery impersonated the cab driver and unsuccessfully attempted to transfer funds via Western Union from the driver's checking account to another person. Maybery used the driver's debit card to buy bus tickets from Tulsa and Los Angeles and later used the card to purchase items while on the way to and in Los Angeles. Police found the cab keys in Maybery's aunt's trash and later identified Maybery from DNA collected from cigarette butts left at the apartment.

The state court conducted Maybery's trial in two stages. In stage one, the guilt phase, the jury convicted Maybery of first-degree murder, identity theft, and taking a debit card. In stage two, the sentencing phase, the state introduced evidence that Maybery had a prior felony conviction for assault and battery for purposes of possible sentence enhancements

for the convictions for identity theft and for taking a debit card. Based on the jury's recommendations, the trial court sentenced Maybery to life without parole for first-degree murder, ten years' imprisonment for taking of a debit card, and ten years for identity theft, to be served consecutively.

Maybery appealed to the Oklahoma Court of Criminal Appeals (OCCA). He raised eight issues:

(1) the trial court failed to approve a jury instruction defining reasonable doubt;

(2) the trial court failed to instruct the jury to separately consider each offense;

(3) the trial court should have instructed the jury to recommend a sentence for first-degree murder in the first stage and not the second stage to ensure that the jury did not consider Maybery's prior felony when recommending a sentence on that count;

(4) the trial court permitted the jury to possess and potentially view a videotaped statement Maybery made to the police during deliberations;

(5) the trial court should have dismissed either the identity theft charge or the taking of a debit card charge on double jeopardy grounds;

(6) the trial court admitted improper opinion testimony from a detective who opined that the voice on a recorded call was Maybery's;

(7) ineffective assistance of counsel; and

(8) cumulative error.

The OCCA affirmed Maybery's conviction and sentence in all respects. Maybery then filed a petition for habeas corpus under § 2254 in the district court, asserting the same grounds for relief as he did in his direct appeal except for the admission of improper opinion testimony and cumulative error. After carefully considering each issue, the district court denied relief. In his brief and application for a COA, Maybery raises all issues he asserted in his direct appeal to the OCCA, except for cumulative error.

## DISCUSSION

**Standard of Review**

A petitioner is required to obtain a COA before he can appeal the denial of any final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1). To receive a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). A petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El*, 537 U.S. at 336. As here, where a state court has decided a petitioner's claims on the merits, we must defer to that decision. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

Thus, Maybery must show that the OCCA's adjudication of a given claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The

state court's factual findings are presumed to be correct unless rebutted by clear and convincing evidence. *Hooks v. Workman*, 689 F.3d 1148, 1164 (10th Cir. 2012). We review the district court's legal analysis of the state court decision de novo. *Id.* at 1163. Three of Maybery's claims are based on federal constitutional provisions, while his remaining four claims are based on state law.

**Constitutional Claims**

Reasonable Doubt Instruction

Maybery argues that the trial court's failure to give his requested "reasonable doubt" instruction to the jury rendered his trial fundamentally unfair. The Supreme Court has addressed this issue previously, concluding that the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). As long as a court instructs the jury that the defendant's guilt must be proved beyond a reasonable doubt, the Constitution does not require specific words or a particular form. *Id.* As the district court noted, the trial court instructed the jury multiple times about its need to determine Maybery's guilt beyond a reasonable doubt before convicting.

Nevertheless, Maybery asserts that the trial court's failure to define "reasonable doubt" for the jury affected his substantial rights and the fairness of the proceedings. *See United States v. Thornburgh*, 645 F.3d 1197, 1212 (10th Cir. 2011). He argues that an instruction is necessary to clarify the jury's duty and ensure its adequate understanding of

"reasonable doubt." As stated above, the Constitution does not require trial courts to define "reasonable doubt," nor does it prohibit such instructions. *Victor*, 511 U.S. at 5. Maybery does not provide anything suggesting that his trial was rendered fundamentally unfair because the jury did not understand the requirement to prove Maybery's guilt beyond a reasonable doubt. We conclude Maybery is not entitled to relief on this claim.

Double Jeopardy

Maybery argues that his dual convictions for taking a debit card and for identity theft violate double jeopardy under both the Oklahoma and the United States Constitutions. The OCCA concluded that convicting Maybery of both offenses did not violate either state or federal law. As he did in his initial § 2254 petition, Maybery argues that the convictions violated Oklahoma's double jeopardy prohibition. However, this argument is not cognizable on federal habeas review. It is not within the province of a federal habeas court to reexamine state court determinations on state law questions. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Turning to Maybery's federal double jeopardy argument, the OCCA's analysis and the district court's review of this claim was not contrary to, or an unreasonable application of, clearly established federal law. Both the OCCA and the district court applied the longstanding test found in *Blockburger v. United States*, 284 U.S. 299, 304 (1932): "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

Under Oklahoma law, the crime of taking a debit card requires proof that a person took a debit card from the person, possession, or custody or control of another without the cardholder's consent. *See* Okla. Stat. tit. 21, § 1550.22(a) (2001). Conversely, the crime of identity theft requires proof that a person willfully and with fraudulent intent obtained the name, address, debit card number, or any other personal identifying information of another person, with the intent to use such personal identifying information to obtain money, goods, property, or services. *See* Okla. Stat. tit. 21, § 1533.1(a) (2004). Both the OCCA and district court concluded that each statute requires proof of an element that the other does not, and we agree with their conclusion. Simply put, proof of identity theft does not require possession of the debit card itself, while proof of taking a debit card does not require proving intent to use or sell personal identifying information to obtain money or services without consent.

Maybery argues that the district court was required to consider Oklahoma's "same transaction" test in its federal double jeopardy analysis, and that its failure to do so violated his right to due process under the 5th and 14th Amendments to the United States Constitution. Maybery's argument is misplaced. Oklahoma's "same transaction" test does not apply to Maybery, because he was tried in a single trial with multiple charges. *See Cummings v. Evans*, 161 F.3d 610, 617 (10th Cir. 1998) ("In instances involving more than one trial, the Oklahoma courts apply a 'same transaction' test that is more protective than the test for multiple charges at a single proceeding.") (citing *Ashinsky v. State*, 780

P.2d 201, 208 (Okla. Crim. App. 1989)). We agree with the district court that Maybery is not entitled to a COA on this issue.

Ineffective Assistance of Counsel

In both his § 2254 petition and COA request, Maybery argues that his trial counsel was ineffective in four ways: (1) failing to request a jury instruction requiring the jury to give separate consideration of each defense; (2) failing to object to the court's decision to wait until the penalty phase to instruct the jury about the possible punishments for first degree murder; (3) failing to object to the jury's possession of a videotape of Maybery's statement to police available during its deliberation; and (4) failing to object to a detective's opinion testimony that the voice on a call to Western Union was Maybery's.

To prevail on an ineffective assistance of counsel claim under the familiar standard in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), Maybery must show both "(1) that his counsel provided deficient assistance and (2) that there was prejudice as a result." *Howell v. Trammell*, 728 F.3d 1202, 1223 (10th Cir. 2013). To establish deficient performance, Maybery must show that his counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011). To establish prejudice, Maybery must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

Overcoming *Strickland*'s high bar is quite difficult, even under de novo review. *Id.* at 788; *Howell*, 728 F.3d at 1223. Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is even more challenging. Each standard is highly deferential, and when both standards apply, "review is doubly so." *Harrington*, 131 S. Ct. at 788. Because the OCCA resolved Maybery's ineffective assistance of counsel claims on the merits, our review of the OCCA's decision is "doubly deferential." *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

On each of Maybery's ineffective assistance of counsel claims, the OCCA applied *Strickland* and concluded that Maybery failed to establish both prongs for each of the four situations described above. Likewise, the district court concluded that Maybery failed "to offer any argument that the OCCA's adjudication of his ineffective assistance of counsel claim is contrary to, or an unreasonable application of, *Strickland*. The district court then applied the § 2254 standard and *Strickland* to reach the same conclusion on the merits as the OCCA did.

We agree with the district court's conclusion on each of Maybery's four claims of ineffective assistance of counsel. Maybery first contends that trial counsel was ineffective when he failed to object to a jury instruction the trial court modified and issued regarding separate consideration of each offense. After applying *Strickland*, the OCCA concluded that counsel was not ineffective because it found this modified instruction to be adequate, and that Maybery's proposed instruction regarding separate consideration would have added nothing. The trial court modified a jury instruction to require the jury to convict

only if the state proved each crime beyond a reasonable doubt by adding "and/or" to the list of the three crimes charged. We presume that a jury follows a trial court's instructions. *Battenfield v. Gibson*, 236 F.3d 1215, 1225 (10th Cir. 2001). Thus, we presume that the jury deliberated and decided based on whether the state proved each crime beyond a reasonable doubt. Maybery makes no argument as to why counsel was deficient for failing to object or how he was prejudiced from the lack of a "separate consideration" instruction. We agree with the district court and conclude that Maybery is not entitled to relief on this claim.

For his second claim of ineffective assistance, Maybery argues that trial counsel failed to object to the trial court's decision to instruct the jury about the punishment for first-degree murder when it considered Maybery's prior conviction to enhance his sentence on the other two counts. The OCCA concluded that even if failing to object was error, Maybery failed to show how the error would have affected his punishment for first-degree murder. We agree. Following Oklahoma law, the trial court instructed the jury not to consider Maybery's prior conviction when recommending a sentence for first-degree murder. Again, we presume that a jury follows a trial court's instructions. *Battenfield*, 236 F.3d at 1225. Maybery contends that the district court erred by failing to demonstrate that Maybery *did not* suffer prejudice from the jury's knowledge of his prior conviction. But neither the state nor the district court must show that Maybery suffered prejudice; that burden belongs to Maybery himself, and he has not met it. *See Strickland*, 466 U.S.

at 687. We agree with the district court's finding that the OCCA did not unreasonably apply *Strickland*.

Third, Maybery argues that trial counsel was ineffective by failing to object to the jury's possession of the videotape of his statement to police during its deliberations. The video was admitted as an exhibit and, under Oklahoma law, the jury may have admitted exhibits to use during deliberations, including videotapes. *See Davis v. State*, 885 P.2d 665, 669 (Okla. Crim. App. 1994). Thus, had trial counsel objected, the trial court would have overruled the objection. In addition, as the district court found, Maybery cannot prove prejudice because he cannot show that his alleged error would have altered the trial's outcome. We agree with the district court's conclusion.

For his last claim of ineffective assistance, Maybery complains that trial counsel failed to object to improper opinion testimony; specifically, a detective's opinion testimony that a voice on a recorded call to Western Union was Maybery's. The OCCA concluded that the detective's testimony was admissible as lay opinion testimony because, under longstanding Oklahoma law, the State laid a proper foundation to establish the detective's knowledge of Maybery's voice and demonstrated how his opinion was rationally based on his perception gained during multiple interviews with Maybery. *See Blackburn v. State*, 124 P. 1111, 1112 (Okla. Crim. App. 1912); Okla. Stat. tit. 12, § 2701 (2002). Again, Maybery does not show how counsel's performance was deficient, nor does he show how the alleged error would have changed the outcome.

Maybery makes one additional argument. He contends that the district court erred because the OCCA's decision regarding his ineffective assistance of counsel claims was based on an unreasonable determination of the facts. *See* 28 U.S.C. §2254(d)(2). To obtain relief under this clause, Maybery must show that the state court's adjudication of the claim "resulted in a decision that was *based on* an unreasonable determination of the facts in light of the evidence presented." *Byrd v. Workman*, 645 F.3d 1159, 1172 (10th Cir. 2011) (citing 28 U.S.C. § 2254(d)(2)) (emphasis added). This Maybery does not do. Rather, Maybery merely states that trial counsel failed to object, which does not render the OCCA's *Strickland* determination unreasonable.

Reasonable jurists could not debate whether Maybery's ineffective assistance of counsel claims should have been resolved differently. *See Miller-el*, 537 U.S. at 336. Thus, Maybery is not entitled to federal habeas relief on this claim.

**State Law Claims**

Separate Consideration Instruction

Maybery argues that the trial court violated his right to due process when it failed to instruct the jury to consider each crime separately in its deliberations. He contends that this lowered the state's burden to prove each crime beyond a reasonable doubt. Generally, we do not review errors in jury instructions in a state trial, unless the errors are so fundamentally unfair that they deprive a petitioner of a fair trial and due process of law. *Patton v. Mullin*, 425 F.3d 788, 807 (10th Cir. 2005). A proceeding is fundamentally

unfair under the due process clause if it is "shocking to the universal sense of justice." *United States v. Russell*, 411 U.S. 423, 432 (1973). We cannot say that Maybery was denied due process or deprived of a fair trial. As noted above, the trial court modified the jury instruction requiring the jury to convict only if the state proved each crime beyond a reasonable doubt by adding "and/or" to the list of the three crimes charged. Maybery did not object to this at trial, and he has not shown us how the failure to give his requested instruction rendered his trial fundamentally unfair or is "shocking to the universal sense of justice." *Id.* We cannot grant relief to Maybery on this ground.

First Degree Murder Penalty Instruction

Maybery also asserts that the trial court needed to instruct the jury to recommend a sentence for first-degree murder in the first stage of trial to ensure that the jury did not consider his previous felony conviction when making that recommendation. The OCCA concluded that Maybery had waived this issue because he agreed that sentencing for all counts would take place in stage two. Alternatively, the OCCA concluded that, even if there was error, it likely had no effect on the punishment for first degree murder. Again, we do not review errors in jury instructions in a state trial unless the errors are so fundamentally unfair as to deprive petitioner of a fair trial and due process of law. *Patton*, 425 F.3d at 807. Maybery has failed to show that his sentencing was rendered fundamentally unfair as a result of the trial court's procedure. The trial court instructed the jury not to consider Maybery's prior felony conviction in sentencing on first-degree murder. We presume that a jury follows a trial court's instructions. *Battenfield*, 236 F.3d

- 13 -

at 1225. Maybery states that, because life with the possibility of parole was a possible sentence, the jury's decision to recommend life without parole rendered his trial fundamentally unfair. But Maybery fails to show that the jury ignored the trial court's instruction to the contrary and considered his prior felony when determining its recommended sentence. Additionally, Maybery's sentence fell within the statutory range. *See Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000) ("We afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law."). Because Maybery has not shown that the OCCA's decision results from an unreasonable application of clearly established federal law, he is not entitled to relief on this ground.

The Jury's Possession of Maybery's Videotaped Statement

Maybery contends that his trial was rendered fundamentally unfair because the jury had with it during deliberations a videotaped statement that Maybery gave to police. Applying state law, the OCCA rejected Maybery's argument, finding no support in the record for Maybery's claim that the jury had repeatedly viewed the video during deliberations. On review, we are limited to deciding whether a conviction violated clearly established federal law. *See Estelle*, 502 U.S. at 67–68. We do not question the evidentiary rulings of the state court unless the petitioner can show that his trial was rendered fundamentally unfair. *Maes v. Thomas*, 46 F.3d 979, 987 (10th Cir. 2001).

As noted above, Oklahoma law permits a jury to have admitted video exhibits during its deliberations. *Davis*, 885 P.2d at 669. Still, Maybery argues that the district court erred in presuming that the jury did not have a videotape player in the deliberation room; rather, the district court should have presumed that the jury could and did watch the statement repeatedly. But Maybery does not assert how his trial was rendered fundamentally unfair. The jury already saw the video during trial, and the record does not suggest that the jury watched the video again. Because Maybery has failed to meet the high standard required of him, we deny relief on this claim.

Admission of Improper Opinion Testimony

Finally, Maybery repeats an argument he made to the OCCA and asserts that admitting a police officer's opinion testimony about his voice on a recorded phone call violated his right to a fundamentally fair trial. However, Maybery did not raise this argument in his initial § 2254 petition to the district court. Accordingly, we decline to consider it here. *See United States v. Windrix*, 405 F.3d 1146, 1156 (10th Cir. 2005) (declining to address an issue that the party did not argue in the district court because the court generally does not consider an argument not raised below).

CONCLUSION

Maybery has not made a substantial showing that he has been denied a constitutional right. We DENY a certificate of appealability and DISMISS this appeal.


Entered for the Court


Gregory A. Phillips
Circuit Judge